F. STUART GRAY, Respondent, *v.* EDWARD L. FULLER, Appellant, Impleaded with Others.

*Equity — where directors combine with others to defraud a shareholder in a corporation, an action will lie against all — joinder of causes of action — a demurrer does not lie because facts are imperfectly alleged — distinction as to parties between an action at law and in equity — liability of a foreign, the same as of a domestic corporation.*

The complaint in an action alleged that on May 6, 1895, Edward Fuller, a defendant therein, for the purpose of securing control of the Greigsville Salt and Mining Company, purchased all of its stock, except that owned by the plaintiff, and secured for others, in sympathy with him, places in its board of directors; that about November 7, 1895, the directors suffered judgments to be recovered against the corporation by certain of the defendants in the action, and, for the purpose of bankrupting the corporation and rendering the plaintiff's stock valueless, allowed bonds of the corporation, which were secured by a trust mortgage given to another of the parties defendant in the action, to be sold in payment of these judgments for nine cents on the dollar; that, with the exception of the trustee under the mortgage, the individual defendants were largely interested in the Retsof Mining Company, a rival corporation, which had been incorporated prior to the Greigsville Salt and Mining Company, and which was engaged in the same business as the latter company, upon lands adjacent to those owned by it; that on May 6, 1895, the works of the Greigsville Salt and Mining Company were closed, in pursuance of plans of Fuller and persons acting with him, in order to prevent competition with the Retsof Mining Company, and that a large amount of property of the Greigsville Salt and Mining Company was transferred to the Retsof Mining Company without compensation; that in December, 1895, the Retsof Mining Company was enjoined from carrying on its business, except under certain conditions, and thereupon the business of the Greigsville Salt and Mining Company was resumed and is now being carried on by its directors for the benefit of the Retsof Mining Company; that about March 1, 1896, the directors of the Greigsville Salt and Mining Company, defendants in the action, executed a mortgage to one Simpson, on all the property of the corporation, to secure the payment of $30,000, without the consent of the stockholders, and in fraud of their rights, and that the plaintiff apprehended that an action would be brought to foreclose the mortgage; that the defendant Fuller controlled all the stock of the corporation, except that owned by the plaintiff, and that he and the other directors were rendering its property worthless for the purpose of rendering the plaintiff's stock valueless.

The complaint further alleged that the plaintiff, before he brought this action, requested the Greigsville Salt and Mining Company, which was made a party defendant, and its directors, also parties defendant, to sue upon these causes of action, which request was refused, and that he brought this action in his own

behalf and in behalf of all other stockholders of the corporation who might join in the action.

Judgment was asked that the defendants, the trustee under the first mortgage, and the alleged fraudulent holders of the bonds which that mortgage was given to secure, be restrained from foreclosing it, and that the sale of the bonds be set aside as fraudulent as against the corporation and the stockholders thereof; that the Greigsville Salt and Mining Company have judgment against the directors for their *devastavit;* and that such directors be removed, and that a receiver be appointed with power to commence an action to set aside the illegal acts complained of.

*Held,* that the complaint stated but a single cause of action, consisting of various acts which were all part of a scheme to depreciate the value of the property of the corporation, and then, by means of a foreclosure, to acquire so much of it as had not already been disposed of for the defendants' own benefit and that of the Retsof Mining Company;

That acts of the directors of a corporation and of third persons, though constituting several independent causes of action in favor of the corporation, may be so connected as to constitute a single cause of action in favor of a shareholder against all of the wrongdoers;

That where the directors of a corporation combine with others to defraud a shareholder of his interest in the corporation by acts of spoliation, such conduct is actionable, and that all persons so combining may be made parties defendant in an equitable action brought by a shareholder to restrain the consummation of the wrong and to recover the damages occasioned by their acts.

A complaint is not demurrable because the facts are informally and imperfectly alleged, or because it lacks definiteness and precision, or because material facts are argumentatively stated, for, as against a demurrer, it will be deemed to contain all that can, by a reasonable and fair intendment, be implied from the allegations.

A demurrer to the complaint in an equitable action will not be sustained merely because the facts alleged do not entitle the plaintiff to all the relief demanded in the prayer for judgment.

In legal actions all the causes of action must affect all the defendants, but in equitable actions the causes of action are not required to affect all the defendants to the same extent or in the same way, for it is within the power of a court of equity to so mould its judgments as to do equity between all the parties, which is not the case in a court of law.

*Semble,* that a foreign corporation engaged in business in this state, where all of its property is situated, is amenable to the laws of this State to the same extent as a domestic corporation.

APPEAL by the defendant, Edward L. Fuller, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Livingston on the 28th day of August, 1896, upon the decision of the court rendered

after a trial at the Monroe Special Term overruling said defendant's demurrer to the complaint.

*James L. Bishop, William B. Putney* and *Henry B. Twombly,* for the appellant.

*James Breck Perkins,* for the respondent.

FOLLETT, J.:

This action was begun May 12, 1896, to restrain the individual defendants from further impairing the rights of the defendant corporation and of the plaintiff, a shareholder therein.

The Greigsville Salt and Mining Company is a corporation organized in 1890, under the laws of the State of Pennsylvania, with a capital stock of $300,000, for the purpose of mining and selling salt, in the county of Livingston, New York, where all of its property is situated and its business is carried on. The plaintiff owns $50,000 of the capital stock, and the remainder is owned by Edward L. Fuller and persons acting with him.

The defendants in this action are divisible into four classes: (1) The corporation, the Greigsville Salt and Mining Company; (2) Chauncey H. Strickland, H. N. Wadham, John H. Fellows, Henry P. Simpson, Arthur H. Christy, A. F. Lane and Charles E. Wade, the directors of the corporation; (3) Edward L. Fuller, Milo M. Belding, James B. Colgate and Joseph N. Smith, alleged to be fraudulent judgment creditors of the corporation and fraudulent holders of $100,000 of its bonds acquired by a sale under their aforesaid judgments; (4) Platt V. Bryan, a trustee in the mortgage executed February 14, 1895, to secure the payment of $100,000 of the bonds of the corporation.

The question arises whether these classes of defendants are so united in interest or so connected with the facts and transactions set out in the complaint that those facts and transactions constitute a cause of action against all of the defendants.

The following facts are alleged in the complaint as the ground for the relief prayed for:

(1) That in 1890 the Greigsville Salt and Mining Company began mining and selling salt, and carried on the business successfully until

about May 6, 1895, when Edward L. Fuller and other persons, acting with him for the purpose of securing the control of the corporation, purchased all of its stock, except that owned by the plaintiff, and that, on that date, four of the directors of the corporation resigned, and their places were filled by a brother of Edward L. Fuller, by an employee of Edward L. Fuller, by Chauncey H. Strickland and H. N. Wadham, two of the defendants herein.

(2) That February 14, 1895, the corporation executed and delivered to Platt V. Bryan, as trustee, a mortgage upon all of its property to secure the payment of 100 bonds of $1,000 each, payable on the 1st day of February, 1905, with semi-annual interest, which bonds were worth their par value, and that, about November 7, 1895, the directors suffered judgments to be recovered against the corporation by Edward L. Fuller, Milo M. Belding, James B. Colgate and Joseph N. Smith in amounts aggregating $21,790, and suffered said judgment creditors to sell the $100,000 of bonds so issued for the payment of their judgments for nine cents on the dollar, which sale was suffered by the directors of the corporation for the purpose of bankrupting it and destroying the value of its shares, and that said persons now hold said bonds and assert that they have the right to foreclose the mortgage and apply the avails of the sale in payment of said bonds.

(3) That prior to the incorporation of the Greigsville Salt and Mining Company the Retsof Mining Company was incorporated and began mining and selling salt on property adjacent to that subsequently acquired by the Greigsville Salt and Mining Company, and that the individual defendants in this action, except Platt V. Bryan, were and are largely interested in said Retsof Mining Company and control the same; that May 6, 1895, the works of the Greigsville Salt and Mining Company were closed, in pursuance of the plan of Edward L. Fuller and other persons acting with him, for the purpose of preventing competition with said Retsof Mining Company, and that a large amount of the property of the Greigsville Salt and Mining Company, consisting of machinery, tools, condensers and other apparatus necessary for the production of salt, was transferred without compensation to the Retsof Mining Company.

(4) That in December, 1895, the Retsof Mining Company was involved in a litigation and was enjoined from delivering salt,

except upon certain conditions, and that thereafter the mines of said Greigsville Salt and Mining Company were opened, its business was resumed, and it is now being carried on by its directors for the benefit of the Retsof Mining Company.

(5) That about March 1, 1896, the defendants, who are directors of the corporation, executed a mortgage to one George Simpson on all of the property of the corporation to secure the payment of $30,000, which was done without the consent of the stockholders, in fraud of their rights, and that the plaintiff apprehends that an action will be brought to foreclose this mortgage.

(6) That Edward L. Fuller is the owner and controller of all the stock of the corporation, except that owned by the plaintiff, controls the corporation, and that the defendants who are directors, acting under the direction of Edward L. Fuller, are proceeding to render the property of the Greigsville Salt and Mining Company worthless for the purpose of destroying the value of the stock of the plaintiff.

(7) That before beginning this action the plaintiff requested the Greigsville Salt and Mining Company and its directors to bring actions to recover the property, or the value thereof, wrongfully transferred to the Retsof Mining Company, and to set aside the wrongful sale to Edward L. Fuller, Milo M. Belding, James B. Colgate and Joseph N. Smith of the $100,000 of the bonds of the corporation, and that his request was refused, and that, therefore, he brings this action in behalf of himself and other stockholders of the corporation who may join in this action.

The relief demanded is that Platt V. Bryan, Edward L. Fuller, Milo M. Belding, James B. Colgate and Joseph N. Smith be restrained from foreclosing the mortgage given to secure the bonds transferred to Fuller, Belding, Colgate and Smith, and that the pretended sale of the bonds be set aside as fraudulent as against the corporation and the stockholders thereof; and that the corporation have judgment against all the defendants who are directors for their *devastavit;* that they be removed and a receiver of the corporation appointed, with power to bring actions to set aside the illegal acts of the individual defendants and for such other and further relief as shall be just and agreeable to equity.

To this complaint Edward L. Fuller demurs upon the grounds: (1) That causes of action have been improperly united; (2) that the court has not jurisdiction to grant the relief demanded in the complaint as against the corporation or its directors; (3) that the complaint does not state facts sufficient to constitute a cause of action against the demurrant.

No claim is made against Platt V. Bryan, the trustee in the mortgage for $100,000, nor against the defendant corporation, Bryan being made a defendant solely to restrain him from foreclosing the mortgage, and the corporation solely because its directors will not suffer it to be made a plaintiff. The complaint is not demurred to on the ground that there is a defect of parties plaintiff or defendant.

As to the other individual defendants — the directors (class 2) — and the fraudulent creditors and purchasers of the bonds (class 3), it is in effect alleged that all the illegal acts set forth in the complaint were steps taken by the concurrence of all the individual defendants to sell and acquire the property of the corporation for their own use and to defraud the plaintiff of his interest therein. The word "conspiracy" is not found in the complaint, but it is alleged that the individual defendants, except Platt V. Bryan, combined to deprive the plaintiff of his interest in the corporation and did the various acts complained of in pursuance of the scheme set forth in the complaint, which, in effect, amounts to a conspiracy, and it is not necessary that the scheme be characterized as a conspiracy. It is well settled that in case the directors of a corporation combine with others to defraud a shareholder of his interest in the corporation by acts of spoliation, such conduct is actionable, and all persons so combining may be made parties defendant in an equitable action brought by a shareholder to restrain the consummation of the wrong, and recover the damages occasioned by the acts. (Cook Stock & Stockh. [3d ed.] §§ 645, 663; 4 Thomp. Corp. §§ 4585, 4586; *Barr.* v. *N. Y., L. E. & W. R. R. Co.,* 96 N. Y. 444; *Pondir* v. *N. Y., L. E. & W. R. R. Co.,* 72 Hun, 384; *Farmers' L. & T. Co.* v. *N. Y. & N. R. Co.,* 150 N. Y. 410, and cases there cited.)

The various acts complained of are set forth as parts of a single scheme devised and carried on by all the individual defendants except Platt V. Bryan, some of them acting separate parts to effect

a single purpose, that is, to depreciate the value of the property of the corporation, and then, by means of a foreclosure, to acquire such as has not already been disposed of for their own benefit and the benefit of the rival corporation, and thereby destroy the value of the plaintiff's shares.

Several independent causes of action in favor of this plaintiff are not united in this complaint, but a single cause of action is set forth. Had the corporation so elected it could have maintained an action to recover the bonds acquired by Fuller, Belding, Colgate and Smith, and also an action to recover of the Retsof Mining Company the property fraudulently transferred to it, and also an action against the directors to recover damages for their *devastavit;* but the fact that such independent actions could have been maintained by the corporation does not deprive the plaintiff of the right to allege all of these acts as grounds of a single cause of action against all of the actors. Acts of directors and of third persons, though constituting several independent causes of action in favor of a corporation, may be so connected as to constitute a single cause of action in favor of a shareholder against all of the wrongdoers, which seems to me to be the case at bar.

A complaint is not demurrable because the facts are informally and imperfectly alleged, or because it lacks definiteness and precision, or because material facts are argumentatively stated, for, as against a demurrer, it will be deemed to contain all that can by a reasonable and fair intendment be implied from the allegations. (*Marie* v. *Garrison*, 83 N. Y. 14; *Lorillard* v. *Clyde*, 86 id. 384.)

*O'Brien* v. *Fitzgerald* (143 N. Y. 377; 6 App. Div. 509; 150 N. Y. 572) was an action by a receiver of a corporation, not by a stockholder; and that case does not hold that a shareholder may not maintain an equitable action against directors and third persons for wasting the property of the corporation. (*Mason* v. *Henry*, 83 Hun, 546.)

In an equitable action a demurrer will not be sustained because the facts alleged do not entitle the plaintiff to all the relief demanded in the prayer for judgment. (*Swart* v. *Boughton*, 35 Hun, 281; *Porous Plaster Co. of Sing Sing* v. *Seabury*, 43 id. 611; *Wetmore* v. *Porter*, 92 N. Y. 76.)

In legal actions all the causes of action must affect all the defend-

ants, but in equitable ones the causes of action are not required to affect all the defendants to the same extent or in the same way, for it is within the power of a court of equity so to mould its judgments as to do equity between all the parties to an action, which a court of law cannot do, and the rules of pleadings are not the same in suits in equity as in actions at law.

I am of the opinion that facts sufficient to constitute a cause of action against all the defendants are stated in the complaint, and that only a single cause of action in favor of the plaintiff is stated therein.

The second ground of demurrer is not discussed on the briefs, nor was it at the bar of this court, and it cannot be sustained, for in case a foreign corporation is engaged in business in this State, where all its property is situated, it becomes amenable to the laws of this State to the same extent as a domestic corporation. (6 Thomp. Corp. § 7886, and cases there cited.)

It follows that the interlocutory judgment should be affirmed, with costs, with leave to the demurrant to withdraw his demurrer and answer on the payment of the costs in the court below and of this appeal.

All concurred.

Interlocutory judgment affirmed, with costs, with leave to demurrant to withdraw his demurrer and answer upon payment of the costs in the court below and of this appeal.