(45 Misc. Rep. 228.)

O'CONNOR v. VIRGINIA PASSENGER & POWER CO. et al.

(Supreme Court, Special Term, Fulton County. November, 1904.)

1. ACTION BY STOCKHOLDER—WHEN LIES.

A complaint in an action against two corporations and defendant G. alleged that plaintiff was a stockholder in one of the corporations, and that G. had, by collusion with the directors thereof, obtained possession of certain stocks and bonds of the corporation, and asked judgment for a cancellation of the contracts whereby such defendant obtained such bonds and securities, and their return to the corporation. *Held*, that the facts alleged did not show a cause of action on which plaintiff could sue in his individual capacity.

2. SAME—REQUEST TO CORPORATION TO SUE.

A complaint brought on behalf of a corporation in which plaintiff is a stockholder is demurrable where it does not allege that plaintiff has requested the corporation to sue, and that the corporation has refused to do so.

[Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 816.]

3. SAME—ONE CAUSE OF ACTION.

Where a complaint by a stockholder of a corporation alleged that one of the defendants, by collusion with the directors of the corporation, had acquired stocks and bonds belonging to the corporation fraudulently, and sought to obtain a cancellation of the contract under which the securities were obtained, and the delivery of them to the corporation, the numerous transfers of the securities were simply particulars of the injury resulting from the wrong complained of, so that the complaint did not state more than one cause of action.

Action by Thomas O'Connor against the Virginia Passenger & Power Company and others. Motion by defendants Gould for an order directing plaintiff to amend his complaint. Denied.

Charles A. Gardiner (Lewis E. Carr, of counsel), for the motion.
Tuttle, Flint & Nichols (John L. Hill, of counsel), opposed.

SPENCER, J. The complaint, in brief, alleges that the plaintiff is a stockholder in the Virginia Passenger & Power Company, a corporation organized under the laws of the state of Virginia, and that the defendants Frank J. Gould and Helen Miller Gould have, by collusion with the directors of said corporation, illegally obtained possession of $2,000,000 of the preferred and $8,400,000 of the common stock of the company; also $1,000,000 of the 50-year bonds of the company, secured by a $15,000,000 mortgage upon the property of the company; also $3,000,000 of the bonds of the company secured by said mortgage, and also $200,000 of the notes of the company secured by $200,000 of the 50-year bonds of the company as collateral thereto; and asks judgment for a cancellation of the contracts whereby said defendants Gould became possessed of each parcel of said property, and for a delivery thereof to the corporation, or payment of the value of the property to said corporation. The defendants Gould contend that the complaint sets forth at least four distinct causes of action, and move to require the plaintiff to amend his complaint by separately numbering and stating the facts constituting each. The motion is made upon the theory that the action is brought by the plaintiff in his own behalf, and that the facts whereby the defendants Gould became possessed of each of the several parcels of property constituted a fraudulent transfer or conversion.

The action is in form a personal one, and the facts alleged in respect to the manner in which the Goulds obtained possession of each parcel of property may be construed as constituting a cause of action for fraud or conversion. Nevertheless, it is clear that, taking all the facts alleged, they do not constitute a cause of action for which the plaintiff in his personal capacity may maintain a suit. The court will not, therefore, require the plaintiff to separately state the facts. It would be an idle ceremony. The complaint is very voluminous, and sets forth the history of numerous transactions, but fails to disclose any clear idea as to the theory upon which the plaintiff's right of action depends. I think the pleader intended to set forth a cause of action in equity by a stockholder in behalf of the corporation. If any cause of action is alleged, it certainly belongs to the corporation, and not to the stockholder. But the colluding directors are not made parties, nor are there any allegations in personam against them, nor is there any allegation that the plaintiff has made demand upon the corporation to bring the action, and a refusal on its part so to do. This last seems to be essential to enable the plaintiff, as stockholder, to sue in his own name. Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 53 N. E. 520. There is nothing alleged which brings the case within the ruling of Sage v. Culver, 147 N. Y. 241, 41 N. E. 513, and kindred decisions. If this be so, then the facts alleged in the complaint are insufficient to constitute a cause of action in behalf of the plaintiff as a stockholder, and the

court will not move in the work of the motion to compel him to separate such facts, but will require the defendants to test the complaint by the appropriate remedy.

I think there is another reason why the present motion must be denied. Assuming that the cause of action is in behalf of the corporation by a stockholder, the gist of the action is not the conversion or fraudulent appropriation by the defendants Gould of the property of the corporation, but the wrongful collusion between them and the directors of the corporation. Gray v. Fuller, 17 App. Div. 29, 35, 44 N. Y. Supp. 883; People v. Tweed, 63 N. Y. 194; Barr v. N. Y. L. E. & W. R. R. Co., 96 N. Y. 444. The numerous transfers of property alleged are simply the particulars of injury resulting from the wrong which constitutes the ground of the action; and, while it may not appear clearly that the several transfers of property referred to took place as a result of the same collusion between the defendants Gould and the same directors, the indefiniteness of the complaint, if any, in that regard must be corrected by a different motion.

These conclusions lead to a denial of the present motion, with costs.

Ordered accordingly.