MILES M. O'BRIEN et al., as Receivers, etc., Respondents, *v.* LAWRENCE J. FITZGERALD, Impleaded, etc., Appellant.

While the formal demand for relief with which a complaint concludes is not conclusive as to the character of the action, *i. e.*, whether legal or equitable, yet where the complaint sets forth facts that may support equally an action at law or equity, the character of the action is determined by the relief demanded.

The complaint in an action brought by receivers of corporations alleged that each of the defendants had been a director of the corporation during a period stated. This showed that they had not all been directors for the same length of time or during the same period. The complaint then set forth various acts of negligence and wrong doing on the part of defendants, as directors, resulting in large losses to the corporation. A money judgment was asked against the defendants jointly for the full amount of loss claimed. There was no averment that an accounting was necessary to ascertain the damages, nor was it asserted that defendants were severally liable for separate and personal misconduct. On demurrer based upon the ground that different causes of action affecting different defendants had been improperly joined, *held*, that the action was to be regarded as one at law; and so, that the demurrer was well taken.

*Brinckerhoff* v. *Bostwick* (105 N. Y. 567), distinguished.

(Argued October 8, 1894; decided October 23, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made July 16, 1894, which affirmed an interlocutory judgment in favor of plaintiffs, entered upon an order overruling a demurrer to the complaint.

This action was brought by plaintiffs as receivers of the Madison Square Bank. The complaint alleged, among other things, that seven of the defendants named were duly elected and qualified as directors of said bank and acted as such for the period between April 1, 1891, and August 9, 1893; that the other defendants were also duly elected and qualified and acted as directors for the periods specified as to each, to wit, one between April 1, 1891, and February 1, 1892, another

SICKELS — VOL. XCVIII.      48

between February 1, 1892, and August 9, 1893, another between April 1, 1891, and May 24, 1893, another between April 1, 1891, and May 21, 1892, two others between February 6, 1893, and August 9, 1893. The complaint then set forth various acts of negligence and misconduct on the part of defendants as such directors and alleged that by reason thereof the bank, its creditors and stockholders, were damaged to the amount of $750,000, for which sum judgment was demanded against "defendants and each of them."

The defendant Fitzgerald demurred to the complaint on the ground, among others, that two or more causes of action were improperly united.

Further facts are stated in the opinion.

*Franklin Pierce* for appellant. This is an action at law and not in equity. (*Smith* v. *Rathbun*, 66 Barb. 402; *Hun* v. *Cary*, 82 N. Y. 65; *Allen* v. *Curtis*, 26 Conn. 456; *Dodge* v. *Woolsey*, 18 How. [U. S.] 331; *Smith* v. *Hurd*, 12 Metc. 371; *Hirsh* v. *Barney*, 45 Fed. Rep. 137; *Howe* v. *Barney*, Id. 668; *Craig* v. *Greg*, 83 Penn. St. 19; *Evans* v. *Brandau*, 53 Tex. 56; *Faurie* v. *Millandau*, 3 Mart. [N. S.] 476; *Dias* v. *Brunell*, 24 Wend. 9; *Fowle* v. *Lowrason*, 5 Pet. 503; *Kieth* v. *R. R. Co.*, 8 Blatchf. 347; *Hodges* v. *N. E. S. Co.*, 1 R. I. 312; *E. S. T. & T. Co.* v. *Bickford*, 142 N. Y. 224; *C. Bank* v. *Ten Eyck*, 48 id. 305; *Holmes* v. *Willard*, 125 id. 75; *Laverty* v. *Snethen*, 68 id. 524; *Van Dyck* v. *McQuade*, 86 id. 38, 45; 57 How. Pr. 62; *Whitney* v. v. *Martine*, 88 N. Y. 535; *F. Ins. Co.* v. *Jackson*, 3 Wend. 130; *Simmons* v. *V. O. & M. Co.*, 61 Penn. St. 202; *Warners* v. *Hopkins*, 11 id. 328; *O. & G. Co.* v. *Gibb*, L. R. [5 H. L.] 487; *Godbald* v. *B. Bank*, 11 Ala. 191; *L. R. R. Co.* v. *Bridges*, 7 B. Mon. 559; Angell & Ames on Corp. § 312; Thomp. on Neg. p. 1061; S. & R. on Neg. § 424; Morse on Banks & Banking (3d ed.) § 128; *B. M. I. Co.* v. *Cabbold*, 13 Moak's Eng. Rep. 556; *Farewell* v. *I. N. Bank*, 90 N. Y. 471; *Sands* v. *Birch*, 29 How. Pr. 308; *Brinkerhoff* v. *Bostwick*, 105 N. Y. 567, 571;

*Sherman* v. *Parish,* 53 id. 483; *Sutherland* v. *Brush,* 7 Johns. Ch. 17; *Monnell* v. *Monnell,* 5 id. 283; *Banks* v. *Wilkes,* 3 Sandf. Ch. 99; *Adair* v. *Brimmer,* 74 N. Y. 539.) By the very terms of section 968 of the Code of Civil Procedure this action is a legal action and must be tried before a jury. (*Glenn* v. *Lancaster,* 109 N. Y. 642; *Fisher* v. *C. O. L. Ins. Co.,* 67 How. Pr. 191; *Bowery Bank* v. *Martin,* 16 N. Y. Supp. 73; *King* v. *Van Vleck,* 109 N. Y. 363; *Kennaugh* v. *McColgan,* 17 Civ. Pro. Rep. 287; *Penny* v. *Gillett,* 7 Wkly. Dig. 101; *Wood* v. *Simonson,* 12 N. Y. S. R. 512; Code Civ. Pro. §§ 1009, 1207; *Brinkerhoff* v. *Bostwick,* 99 N. Y. 185; *Mills* v. *Mills,* 115 id. 85; *Swart* v. *Boughton,* 33 Hun, 281, 285; *Vandenburg* v. *Mayor,* 7 N. Y. Super. Ct. 322.) Where plaintiffs have demanded a money judgment only and no answer has been served, but a demurrer has been interposed, the plaintiff cannot elect to treat his action as an action in equity. (*Edison* v. *Girvan,* 29 Hun, 422; *Fisher* v. *C. O. L. Ins. Co.,* 67 How. Pr. 191; *Simonson* v. *Blake,* 12 Abb. 331; *Alexander* v. *Katte,* 63 How. 262.) The cause of action set forth in the complaint is to recover for a tort, namely, the negligence of the defendants. It was a cause of action which was triable before a jury, and a jury only, at the time of the adoption of our first Constitution in 1777, and a jury trial was preserved by its provisions. The right to remedy such a wrong in a court of law and before a jury has existed from the very earliest times, and the defendants herein cannot be deprived of their right to a jury trial. (*Hudson* v. *Caryl,* 41 N. Y. 553; *Townsend* v. *Hendricks,* 40 How. Pr. 43, 162; *McMaster* v. *Booth,* 4 id. 427, 429; *Derrick* v. *Richley,* 19 Wend. 108; *Beardsley* v. *Dygert,* 3 Den. 380; *Bradley* v. *Aldrich,* 40 N. Y. 504; *Wheelock* v. *Lee,* 74 id. 495; *N. Y. L. Ins. Co.* v. *Mayor,* 106 id. 671; *Conderman* v. *Conderman,* 44 Hun, 181; *Verplanck* v. *Kendal,* 13 J. & S. 525.) If the action be at law the causes of action are improperly united. (*Jackson* v. *Brookins,* 5 Hun, 530; *Nichols* v. *Drew,* 94 N. Y. 22; *Chipman* v. *Palmer,* 77 id. 51.)

*Louis Marshall* for respondents. The complaint states facts sufficient to constitute a cause of action. (*L. Assn.* v. *Lyon*, 30 N. J. 732; *Koehler* v. *B. R. I. Co.*, 2 Black, 715; *Trustees, etc.,* v. *Bossieux*, 3 Fed. Rep. 834; *Mersey Docks* v. *Gibbs*, 11 H. L. Cas. 687–701; L. R. [1 H. L.] 93; *Peabody* v. *Flint*, 6 Allen, 52; *Brinkerhoff* v. *Bostwick*, 88 N. Y. 52; *Robinson* v. *Smith*, 3 Paige, 222; *King* v. *Talbot*, 40 N. Y. 76; *Briggs* v. *Spalding*, 141 U. S. 132.) The complaint does not improperly join causes of action. (*Brinkerhoff* v. *Bostwick*, 105 N. Y. 570; *Hale* v. *O. N. Bank*, 49 id. 626; *Bell* v. *Merrifield*, 109 id. 202; *Valentine* v. *Richardt*, 126 id. 277; *Briggs* v. *Spalding*, 141 U. S. 132; *N. P. Bank* v. *Goddard*, 131 N. Y. 494.)

Finch, J. On its face and in its form this is an action at law to recover damages for negligence. The corporation, represented by its duly appointed receivers, sues individuals who were its directors for such neglect or wrong in the performance of their duties as resulted in large losses, and demands a money judgment for the damages sustained. There is no suggestion that any equitable relief is essential to a full and complete redress, and no facts are stated which indicate a need of such intervention. It is not averred that a discovery is requisite to the completeness of the remedy: on the contrary, the acts of negligence are asserted as fully known, and capable of proof. It is not alleged that an accounting is necessary to ascertain the damages, but these are claimed as a definite and fixed sum, resulting directly from the negligent acts of the defendants. It is not asserted that such defendants are severally liable for separate and personal misconduct, and in separate and different amounts, although that is a reasonable inference from the facts stated in the complaint, but demands judgment against all and against each for the full amount claimed. The circumstance led to the interposition of a demurrer to the complaint, based upon the ground that different causes of action affecting different defendants had been improperly joined. It is not denied that the demurrer is well

taken if the action is to be regarded as one at law, but the contention is that it is an action in equity for the vindication of a trust and the protection of its beneficiaries; and that view of it has been taken by the courts below with some hesitation, and with a very obvious doubt of the consistency of our earlier rulings.

I think those courts are right in saying that the formal demand of relief with which the complaint concludes is not decisive of the legal or equitable character of the action. We so held in *Bell* v. *Merrifield*, (109 N. Y. 202), saying that where an answer had been interposed and facts were stated in a complaint which "show that it is of an equitable nature, and that the cause of action is simply equitable, we do not think a case is made for trial by jury under the Code (§ 968), merely because the complaint improperly asks for a money judgment only." That language clearly and plainly implied that a demand of judgment for money only would stamp the action as one at law, unless the facts pleaded showed an equitable cause of action simply, and that the relief asked was, therefore, improperly confined to a money demand merely. In other words, our doctrine was that the demand of money only, on its face and primarily, characterized the action as one at law, but not so conclusively as to prevent a different result where the action was clearly equitable rather than legal in its nature, and purely legal relief is improperly demanded. But the case before us is not of that character. The facts as pleaded show a perfect cause of action at law in favor of the receivers as representatives of the bank against the directors for misconduct resulting in loss. The actual and real relation between them and the corporation is that of agents acting for their principal, (*Hun* v. *Cary*, 82 N. Y. 65), and the directors may be sued at law for any damages caused by their culpable misfeasance or non-feasance. Within the doctrine of the case cited the complaint before us stated a perfect cause of action to recover damages at law, and a proper and consistent demand for a money judgment awarding such damages. In the cited case the action was held to be of a legal character,

and requires the same ruling now, unless our doctrine has changed, or some valid distinction can be drawn. In support of that idea the case of *Brinckerhoff* v. *Bostwick* (105 N. Y. 567), is pressed upon our attention as indicating that the present action must be regarded as of an equitable character. But there is a wide and vital difference between the two cases. In this the action is by the corporation against its delinquent directors : in the other it was by a stockholder who could not sue at law but was compelled to go into equity to obtain his relief, and whose right of action was wholly and purely of an equitable character.

It may be, nevertheless, that a corporation may sue its directors in equity to recover losses sustained, for there seem to be some cases in which the remedy has been allowed. Granting that, and granting also what I am not now ready to admit as the law of this state, that the facts pleaded in the present case are sufficient to support the action as an equitable one, we are left by the pleader in a doubt which can only be solved by recurring to the demand for relief. He comes into court upon a complaint which, on the concession made, pleads an ambiguous state of facts, such as may support equally an action at law or in equity, and leaving us with no means of determining which view must prevail except by reference to the relief demanded. In such a case that relief as asked must necessarily solve the doubt, because there is no other solution. The facts pleaded do not help us, for they fit equally either a legal or an equitable action, assuming the latter to be maintainable, and we are justified in relying upon the formal relief demanded to settle the point in dispute. That accords with our system of pleading and with the distinction drawn by the Code. Where the action is for the recovery of money only it is classed as legal and is triable by a jury; and while we have held that we are not concluded by the formal demand of relief, but may look into the facts to see, nevertheless, if it be not equitable relief which they imperatively require, yet where the facts do not aid us, where they are just as appropriate to a legal as an equitable cause of action, where they

are ambiguous as to the subject of inquiry, we must be guided by the relief asked in reaching a conclusion. That, I think, is the situation here upon the assumption most favorable to the plaintiffs, that upon the facts pleaded without further allegations an equitable action could be supported. My doubt about that is very grave, although I leave the question open. If there were further allegations showing somewhere or in some way the need of equitable intervention the difficulty would be removed. The cases of *Glenn* v. *Lancaster*, (21 Abb. New Cases, 272), and of *Hun* v. *Cary*, already cited, point to this conclusion, and are not overruled or affected by *Brinckerhoff* v. *Bostwick*.

It follows that the judgment overruling the demurrer should be reversed and the demurrer sustained, with costs.

All concur.

Judgment accordingly.