## HIGGINS v. TEFFT.

(Supreme Court, Appellate Division, First Department. April 17, 1896.)

1. EQUITABLE ACTION—WHAT CONSTITUTES.

Where a receiver is appointed in a proceeding for dissolution of the bank, in which a final judgment has been entered, dissolving the bank and appointing him permanent receiver of its property and effects in an action by him against certain persons to recover damages for the misfeasance or nonfeasance of defendants as directors of such bank, a petition which is otherwise insufficient does not entitle plaintiff to equitable relief, and constitute the action one in equity, because it alleges that plain-

tiff has, since his appointment, disposed of and realized on the assets of the bank, paid sixty per cent. of the claims of creditors, and realized all that can be realized from its assets; that the deficiency of assets to pay such creditors arises from the negligence and improper conduct of defendants and others named, directors and trustees of the bank; that plaintiff has been authorized by the court to bring such action; and that some of the creditors have requested plaintiff to commence an action against the directors and trustees of the bank, to hold them liable for their negligence and improper conduct as directors.

2. Same.

Nor does such petition entitle him to such relief because the prayer is that plaintiff demands judgment that the damages which the bank, its depositors, stockholders, and other creditors, had sustained by reason of the matters and things before stated and set forth, may be ascertained and determined; that defendants, as the representatives of those who were directors of such bank, may be adjudged to pay such damages; and that plaintiff may recover the amount so ascertained, for the benefit of the creditors and stockholders of the bank, etc.

Appeal from special term, New York county.

Action by Francis Higgins, as receiver of the North River Bank of the City of New York, against William E. Tefft, impleaded with others. From an interlocutory judgment overruling in part, and sustaining in part, a demurrer to the complaint by defendant Tefft, both he and plaintiff appeal. Reversed on defendant's appeal. Affirmed on plaintiff's appeal.

Argued before VAN BRUNT, P. J., and WILLIAMS, O'BRIEN, and INGRAHAM, JJ.

Thomas C. T. Crain, for plaintiff.
Joseph H. Choate, for defendant.

INGRAHAM, J. The plaintiff brings this action as receiver of the North River Bank, a banking corporation organized under the laws of the state of New York, to recover from the defendants, who were the directors of the bank, the damages which the said bank, its depositors, stockholders, and other creditors, have sustained by reason of the wrongful and negligent acts of the defendants as its directors. The defendants demur to the complaint upon two grounds: (1) That causes of action have been improperly united in said complaint; and (2) that the said complaint does not state facts sufficient to constitute a cause of action. The issues raised by this demurrer were disposed of by the special term by overruling the demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action, and also overruling that ground of demurrer whereby it was claimed that causes of action have been improperly united by joining a cause of action against this defendant demurring with causes of action against other directors arising at a time when this demurring defendant was not a director, so far as such causes of action arose because of negligence or improper conduct of their duties as such directors; but sustaining the demurrer on the ground of improper joinder of causes of action, as to the causes of action for the making and publishing of false statements or reports of the financial condition or affairs of the bank. The plaintiff appeals from so much of the judgment as sustains the

demurrer, and the defendant appeals from so much of the judgment as overrules the demurrer.

The main question argued before us, and the one which must determine the question as to the sufficiency of this complaint, depends upon whether or not this action can be considered as an action in equity, which would entitle this plaintiff, conceding the facts alleged in the complaint to be true, to any equitable relief. The plaintiff sues as the receiver of the bank, appointed in an action brought by the people of the state of New York for a dissolution of the bank, in which a final judgment has been entered, whereby the said bank was dissolved, and the plaintiff duly appointed permanent receiver of the property and effects thereof. The cause of action which plaintiff thus seeks to enforce was one that vested in him by his appointment as receiver of the bank. As such receiver he became vested with the property and rights of action that had theretofore vested in the bank, and he sues here to recover what the bank could have recovered if it had not been dissolved, and no receiver had been appointed. It is quite important clearly to recognize that the plaintiff's right of action depends upon his succeeding to the right of action that had vested in the bank at the time of his appointment. Whatever right of action had vested in the stockholders, as stockholders, or in the creditors, as creditors, of the bank has not been divested from them by the appointment of the plaintiff as receiver. They still retain any cause of action that they had as against these defendants as officers or directors of the bank prior to its dissolution, and it is for them to enforce such cause or causes of action, and not the receiver. Bearing this in mind, we may consider this action as one brought by the bank against its officers for negligent and improper conduct in the execution of the trust reposed in them, and then determine whether, upon the facts alleged, the action is to be deemed equitable, or an action at law to recover damages sustained in consequence of the negligence in or improper performance of the duties of the defendants as directors of the bank.

The court of appeals, in the late case of O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, has settled certain questions as to the relations that existed between a corporation and its directors; and, in the construction of a complaint in an action by a receiver of a corporation to recover from its directors damages for negligence or misconduct on their part resulting in damage to the corporation, it was there held that the actual and real relation between the directors and the corporation is that of agents acting for their principal, and the directors may be sued at law for any damage whatever caused by their culpable misfeasance or nonfeasance; that, in determining whether a complaint alleges a cause of action at law or in equity, the formal demand of relief with which the complaint concludes is not decisive of the legal or equitable character of the action; that, where the action is for the recovery of money only, it is classed as legal, and is triable by a jury; and while the courts are not concluded by the formal demand of relief, but may look

into the facts to see, nevertheless, if it be not equitable relief which they imperatively require, yet where the facts do not aid us, where they are just as appropriate to a legal as an equitable cause of action, where they are ambiguous as to the subject of inquiry, we must be guided by the relief asked in reaching a conclusion. The court in that case stated generally the nature of the action as one in which "the corporation, represented by its duly-appointed receivers, sues individuals who were its directors for such neglect or wrong in the performance of their duties as resulted in large losses, and demands a money judgment for the damages sustained. There is no suggestion that any equitable relief is essential to a full and complete redress, and no facts are stated which indicate a need of such intervention. It is not averred that a discovery is requisite to the completeness of the remedy. On the contrary, the acts of negligence are asserted as fully known, and capable of proof. It is not alleged that an accounting is necessary to ascertain the damages, but these are claimed as a definite and fixed sum, resulting directly from the negligent acts of the defendants. It is not asserted that such defendants are severally liable for separate and personal misconduct, and in separate and different amounts, although that is the reasonable inference from the facts stated in the complaint, but demands judgment against all, and against each, for the full amount claimed."

It will first be necessary to examine the complaint in this action, to see how far it resembles the complaint thus described in the action above referred to. The complaint in question first alleges the incorporation of the bank, and the business it carried on under such incorporation; that the government and management of the association was committed to a board of directors, who had provided by-laws as to how and in what manner the business should be carried on; the fact that the defendants had been directors during the periods designated, and had accepted the said office and the trust reposed in them, and thereby had, and took upon themselves, the duties and responsibilities of the office of directors of the said corporation. And the complaint then alleges various acts of the defendants which it is alleged were either negligent or improper, and which were alleged to be a violation of the duty that such directors owed to the bank, with a general allegation that the said directors had utterly failed and neglected to perform their official duties as such directors, and did not give proper care and oversight to the affairs of the bank, and did not administer such affairs in an honest, careful, and prudent manner, but, on the contrary, negligently suffered and permitted the money, property, and effects of the bank to be stolen, wasted, and squandered; that they did not keep correct books of account of the business and transactions of the said bank, but permitted the accounts to be falsified by false and deceptive entries; that they suffered and permitted various persons and corporations who were insolvent and irresponsible to overdraw their accounts to a large amount, without security, whereby large sums of money were lost by the bank; that they did not elect or

employ honest and competent persons as officers of the bank, but, on the contrary, elected, employed, and kept in office persons who were dishonest and unfaithful in the discharge of their duties, and who were incompetent to discharge such duties; that such directors did negligently pay to themselves and other stockholders dividends at times when there were no profits arising from the business of the bank; that they negligently and unlawfully made loans to themselves, who were directors of the said bank, to an amount exceeding in the aggregate one-third of the capital stock of the bank, and carried upon the books of the bank, as available assets, promissory notes and other securities which they well knew were of no value; that by reason of the negligence and misconduct of the directors, as before stated, the depositors and stockholders of the bank have sustained damage in a large amount, and that the assets of the bank will not be sufficient to pay the amount of the claims of the depositors and creditors in full, nor to pay anything to the stockholders of the bank; and that such deficiency arises from the negligence and improper conduct of the defendants, and others thereinbefore named, as directors and trustees of the said bank. Then follows the prayer for judgment, which is as follows:

"Wherefore the plaintiff demands judgment that the damages which the North River Bank in the City of New York, its depositors, stockholders, and other creditors, have sustained by reason of the matters and things heretofore stated and set forth, may be ascertained and determined, and that the defendants and the representatives of those who were directors of said bank may be adjudged to pay such damages, and that the plaintiff may recover, collect, and receive the amount so ascertained for the benefit of the creditors and stockholders of the bank, and that the plaintiff may recover the costs of this action."

On the face of the complaint, this is an action to recover damages for the misfeasance or nonfeasance of the defendants as directors of the bank. Calling it an action on behalf of the stockholders and creditors of the bank does not in any way change the nature of the cause of action. While all recovery by the corporation or by its receiver inures to the benefit of the creditors or stockholders of the corporation, it is still the cause of action that existed in favor of the corporation as an entirety, that the receiver has authority to enforce, and it is the misfeasance or malfeasance of the defendants in their relation to the corporation that is the basis of the right of the receiver to sue; for, as before stated, this receiver has no right to enforce an action which is vested in the creditors or stockholders as such, but only the cause of action that had vested in the corporation. The learned counsel for the plaintiff calls attention to three points of difference revealed by a comparison of the complaint in this action with the complaint in the O'Brien Case. The first is that in the O'Brien Case all of the defendants had been directors, while in the case at bar some of the defendants are the personal representatives of deceased directors; second, in the O'Brien Case there are no allegations equivalent to those contained in the thirty-fourth and thirty-fifth paragraphs of the complaint; and, third, that in the O'Brien Case the plaintiff demanded judgment against

each of the defendants for a stated sum of money, while in the case
at bar the plaintiff alleges that the depositors and stockholders of
the bank have sustained damage to a large amount, and asks judg-
ment that the damage which the bank, its depositors, stockholders,
and creditors have sustained, may be ascertained and determined, and
that the defendants may be adjudged to pay such damages, and that
the plaintiff may recover, collect, and receive the amount so ascer-
tained, for the benefit of the creditors and stockholders. No stress
is laid upon the first point of difference, and it is clear that it is not
material, as the fact that a defendant is executor or administrator
of a deceased wrongdoer cannot give a court of equity jurisdiction,
where the nature of the claim against the deceased was of purely
legal character. As to the allegations contained in the thirty-third,
thirty-fourth, and thirty-fifth paragraphs of the complaint, it is diffi-
cult to see upon what principle they give a different character to
the cause of action. The thirty-third paragraph of the complaint
alleges that the plaintiff has, since his appointment as receiver,
disposed of and realized upon the assets of the bank, has paid 60
per cent. of the claims of the creditors of the bank, and has realized
all that can be realized from the assets thereof, and that the de-
ficiency of assets to pay such creditors arises from the negligence
and improper conduct of the defendants and others named, direct-
ors and trustees of the bank. The thirty-fourth paragraph states
that the plaintiff has been authorized by the court to bring this
action, as receiver, against the above-named defendants. And the
thirty-fifth alleges that some of the creditors of the bank have re-
quested the plaintiff to commence an action against the directors
and trustees of the bank to hold them liable for their negligence and
improper conduct as directors. None of these allegations shows
any reason why the interposition of a court of equity is necessary
to give to the plaintiff, as receiver of the bank, any relief that he
could not obtain in an action at law against defaulting directors.
The fact that the receiver had been unable to realize more than 60
per cent. of the claims of the creditors of the bank would not give
the receiver or the bank that he represents any cause of action
against the directors. If the malfeasance or misfeasance of the
directors had injured the bank, it is entitled to recover, whether
the recovery would go to the creditors, or to the stockholders. The
corporation was as much injured by the wrongful acts of its direct-
ors if it was solvent as if it were insolvent, and it is for this injury
to the property of the corporation that the receiver can maintain an
action, and not for an injury to its creditors or stockholders, as
distinct from the corporation. No fact is alleged which would give
to the receiver a right to recover from the directors the debts due
to the bank for distribution among its creditors, as distinct from
the cause of action that existed in favor of the bank because of the
malfeasance or misfeasance of its directors. The fact that the
court authorized the receiver to bring this action certainly does not
determine the nature of the action, when brought, or the liability
of the defendants to respond to the demands of the receiver. And

the request of some of the creditors to bring this action would not vest the receiver with any additional cause of action to that which he already had as representing the bank.

We come, therefore, to the question as to whether or not the difference in the demand for judgment stamps this action as one different from that of O'Brien v. Fitzgerald, supra. It will be noticed that in this case the judgment that the plaintiff demands is a judgment for a sum of money. There is in this complaint, as in the O'Brien complaint, no allegation that a discovery is requisite to the completeness of the remedy, nor is there any allegation that an accounting is necessary to ascertain the damages. The pleader has not seen fit to allege the amount of the damage that was occasioned by the wrongful or negligent acts, but it is nowhere alleged that such damage is incapable of being ascertained by the ordinary methods of a trial by jury. In every action to recover for unliquidated damages, it is the province of the jury to ascertain the amount of the damages sustained in consequence of the acts complained of. and upon such damage being ascertained the verdict follows; and whatever recovery the plaintiff could obtain in this action from the directors would have to be applied by him, as receiver of the bank, according to law, and would not depend upon the form of the judgment. We fail to see how this prayer for judgment can be said to be for equitable relief. No accounting is demanded, no discovery is demanded. The relief asked for is the same relief that is asked for in every action to recover unliquidated damages, i. e. that the damages be ascertained, and that, when ascertained, the plaintiff have judgment against the defendant for them. It seems to us, in determining this question, that we must come down to the nature of the acts of the defendants for which relief is sought. When a trustee or an agent, having possession of his principal's money, has committed any act in relation to it by which a court of equity can compel him to account for the specific money, the principal or cestui que trust has a right of action for such an accounting. Such a right of action depends upon the receipt by the trustee of the money of his cestui que trust, or his interference with it, or some act of his which justifies a court of equity in calling him to account for the money that has been misappropriated or lost by the act of the trustee. It is based upon the control that the trustee had over the money or property of the cestui que trust, and that, in consequence of some misfeasance or malfeasance of the trustee, that money has been lost, or is not in the possession of the trustee so that he can account for it. And if a trustee of a bank should receive the money of the bank, use it as his own, or in any way interfere with it, so that, in consequence of his wrongful act, it was lost to the bank, the bank would have an action in equity to compel him to account. On the other hand, when the bank appoints its trustees or directors to manage its affairs, and appoints its officers and agents, and the trustees neglect their duty, and knowingly appoint incompetent men as officers, and negligently permit such officers to make injudicious or improper loans of the bank's money,

without the supervision required by them because of their position, the foundation of the liability of a director is different. In a suit to recover for such negligence or wrongful performance of duty, he is not chargeable with the sum received or paid out or lost, for which he is compelled to account, but he is chargeable for the direct injury to the bank which results from his negligence in not properly performing the duty that he undertook to perform. The rules of law that are applied to the enforcement of these distinct liabilities are different, the measure of damages is different, and the relief granted is distinct. In one case the director or trustee would be charged with the amount that he has received, and compelled to account for it. That would be an accounting in equity. In the other the neglect or wrongful act of the director is proved, with the consequences that have flowed from such wrongful act, and the jury are then directed to ascertain the damage resulting to the corporation from the wrongful or negligent act; and such an action is one at law, in which the defendant is entitled to a trial by jury. In this complaint this demurring defendant is not alleged ever to have received from the bank any of its money or property, or in any way to have interfered, personally, with the property of the bank. There is no sum of money with which he is chargeable, and for which he must account. He is asked to respond in damages for certain negligent or wrongful acts, which have resulted in other people's obtaining the money or property of the bank, not because such money or property was received by him as trustee, but because other people have been allowed to get possession of the property of the bank in consequence of his neglect properly to perform his duties, and thus prevent it. It is not disputed that when the relation of trustee and cestui que trust, or principal and agent, exists, the principal or the cestui que trust may call his agent or trustee to an account for the property in the hands of the agent or trustee which had been misappropriated or lost by his negligence. But, to sustain such an action, there must be some allegation showing the necessity of an accounting, or showing that a resort to a court of equity is necessary to give the plaintiff the relief to which he is entitled. Nothing of the kind is shown in this complaint. No accounting is necessary. Conceding all the facts as alleged, there would be no sum of money to which these defendants, or either of them, would be held liable to account. It is a pure action for damages for the negligent and wrongful acts of certain officers of the corporation, and in such an action the defendants are entitled to a trial by jury, and no accounting or other equitable relief can be necessary or proper. It follows, therefore, that the first ground of the defendant's demurrer was well taken, and should be sustained. This conclusion renders it unnecessary to consider the other grounds of the defendant's demurrer. We say, however, that we do not consider that the complaint alleges any violation of a statutory obligation on the part of the directors, or any cause of action for a penalty, but is based wholly upon a liability for the wrongful and negligent acts of the defendants as directors of the bank.

We think, therefore, that the judgment below should be reversed, and judgment entered sustaining the demurrer of the defendant on the ground that there is a misjoinder of causes of action,—there being joined a cause of action against this demurring defendant for negligent and wrongful acts committed by him as director, together with an action for damages against the other defendants for damages sustained by reason of the acts of such other directors while this demurring defendant was not a director of the bank,—with costs to the defendant, with leave to the plaintiff to amend the complaint within 20 days after the service of the interlocutory judgment, upon payment of such costs. All concur.