O'BRIEN et al. v. FITZGERALD et al.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. ACTION—FORM OF—LEGAL OR EQUITABLE.
   In an action by a corporation against its delinquent directors, the alle-gations were such as to support equally an action at law or in equity. The prayer was for money damages only, and, on demurrer, was held to determine that the action was at law. The complaint was thereupon amended by adding that each of the defendants was liable to plaintiff for his personal misconduct and breach of trust therein set forth; that defendants were accountable in separate and different amounts for the injury inflicted by them on the funds; that, as to some matters concern-ing which relief was sought, all of defendants were accountable, while as to others a portion of them only were liable; that, unless relief was granted as prayed, plaintiff would be required to maintain a multiplicity of suits at great expense; that, to complete plaintiff's remedy, defendants should make discovery as to their conduct and management of affairs; and that plaintiff had no adequate remedy at law. There was an amended prayer for equitable relief. *Held*, that such allegations were conclusions of the pleader, and that the complaint did not allege facts sufficient to constitute an action in equity. Williams and Patterson, JJ., dissenting.
2. SAME—MULTIPLICITY OF SUITS.
   In such case, the fact that the directors are numerous, and that actions at law against them must be tried separately, does not bring the case within the rule that equity will intervene to prevent a multiplicity of suits against one individual.

Appeal from special term, New York county.

Action by Miles M. O'Brien and another, as receivers of the Madison Square Bank, against Lawrence J. Fitzgerald and others, to recover damages sustained by reason of the negligence of defendants in the management of said Madison Square Bank. From an interlocutory judgment sustaining defendant Fitzgerald's demurrer to the complaint, plaintiffs appeal. Affirmed.

The paragraph of the amended complaint particularly referred to in the opinion is as follows:

"Fifty-seventh. That each of the above-named defendants is liable to the plaintiffs for his personal misconduct and breach of trust herein set forth; that the said several defendants are accountable to the plaintiffs in separate and different amounts for the injury inflicted by them upon the funds intrusted to their care, and that it will be necessary for the court to determine the extent to which each of said defendants is chargeable for the said wrongful and negligent acts and breaches of trust hereinbefore alleged; that, as to some of the matters concerning which relief is herein sought, all of the defendants are accountable to the plaintiff; that, as to some other of said matters, a portion of said defendants alone are liable; that full and adequate relief cannot be granted to the plaintiffs unless all of the defendants shall be required to account in this action for their respective acts and breaches of trust herein set forth, so that the proportionate liability of the several defendants for the matters herein set forth may be ascertained; that, unless relief is granted to the plaintiffs against all of the defendants in this action, it will be necessary for the plaintiffs to bring and maintain a multiplicity of suits, which would involve the estate represented by them in great expense, and unreasonably delay them in the administration of their trust; that, in order that the plaintiffs' remedy may be complete, it is further necessary that the several defendants make discovery as to their conduct and management of the affairs of said bank, and as to the manner in which they have performed their duties with respect to the matters hereinbefore alleged, and their participation in the several transactions so described; that the plaintiffs have no adequate remedy at law."

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Samuel Untermyer, for appellants.
Franklin Pierce, for respondents.

INGRAHAM, J. When this action was before the court of appeals on the former appeal (143 N. Y. 377, 38 N. E. 371), it was held by the court that within the principle established in Hun v. Cary, 82 N. Y. 65, the complaint stated a perfect cause of action to recover damages at law, with a proper and consistent demand for a money judgment awarding such damages, and that the action was of a legal character. The case of Brinckerhoff v. Bostwick, 105 N. Y. 567, 12 N. E. 58, was distinguished as being an action by a stockholder who could not sue at law, but was compelled to go into equity to obtain his relief, and whose right of action was wholly and purely of an equitable character; while this action is, in substance, an action by a corporation against its delinquent directors. Upon the question as to whether or not a corporation could sue its directors in equity to recover losses sustained, no opinion was expressed, the court saying:

"Granting also, what I am not now ready to admit as the law of this state, that the facts pleaded in the present case are sufficient to support the action

as an equitable one; we are left by the pleader in a doubt which can only be solved by recurring to the demand for relief."

And the court ended its opinion by saying:

"Where the action is for the recovery of money only, it is classed as legal, and is triable by a jury; and while we have held that we are not concluded by the formal demand of relief, but may look into the facts to see, nevertheless, if it be not equitable relief which they imperatively require, yet where the facts do not aid us, where they are just as appropriate to a legal as an equitable cause of action, where they are ambiguous as to the subject of inquiry, we must be guided by the relief asked in reaching a conclusion. That, I think, is the situation here upon the assumption most favorable to the plaintiffs, that upon the facts pleaded, without further allegations, an equitable action could be supported. My doubt about this is very grave, although I leave the question open. If there were further allegations showing somewhere or in some way the need of equitable intervention, the difficulty would be removed."

Plaintiffs claim that they have complied with this provision in the opinion of the court of appeals by the fifty-seventh allegation of their complaint and the prayer for relief, which, as I understand it, are the only material amendments that have been made. None of the allegations in this clause of the complaint appear to be allegations of fact, but are conclusions as to the liability of the various defendants and the opinion of the pleader as to the necessity of equitable intervention. The court of appeals having thus determined that the facts alleged in this complaint allege a cause of action at law, we have no right to turn it into an equitable action, unless the facts alleged show the necessity for some equitable relief. To thus change a cause of action at law to one in equity affects a substantial right of the defendant,—a right to a trial by jury, which is protected by the constitution, and which neither the legislature nor the court can take away. It is not enough to make this an equitable cause of action for the complaint to state a mere conclusion of the pleader that the interposition of a court of equity is necessary. The facts must be stated which indicate the need of such intervention. There are no facts alleged that show that a discovery is requisite to the completion of the remedy, or that an accounting is necessary to ascertain the damages. O'Brien v. Fitzgerald, supra. Nor are any facts alleged which bring this case within any of the principles which courts of equity administer.

The allegation that a multiplicity of suits will be required in case the plaintiffs have to sue each defendant, joining with them only those who aided him in the wrongful acts which would make them liable, hardly brings the case within one of the class where the court would intervene to prevent a multiplicity of actions against one individual. Here the multiplicity of actions is against a multitude of people, rather than against one person, which equity in some cases will prevent. A man having 100 promissory notes, made by different individuals, might as well ask to sue all of them in one action, because, if he had to bring the 100 actions against the 100 individuals, he would be required to bring and maintain a multiplicity of suits. In the case of Higgins v. Tefft (not yet officially reported) 38 N. Y. Supp. 716, we sought to place a distinction between the liability of a trustee to account in equity and the liability of a

trustee to an action at law upon the allegation as to the relation that existed between the trustee and the cestui que trust, or the property of the trust which had become lost or wasted, holding that an action for an accounting would lie where it was alleged that the relations of the trustee to the property were such that a court of equity could charge him with the amount that he had received, and compel him to account to the court for the disposition which had been made of such property. The fact that a trustee bears such relations to the property that he is chargeable when called upon for it, either by his cestui que trust or by the court, is a basis for an action for an accounting in equity. If there is no sum of money with which the director can be charged upon the proof of his relation to the property, he cannot be called to account for any particular property, and thus an action for an accounting will not lie. Where his liability to his cestui que trust, or to the corporation of which he is a director or trustee, is not to account for specific property, but for damages because of his negligent act in the performance of his duty, a different principle arises as to his liability from that of a case where, in consequence of his relation to the property of the trust, he is bound to show what disposition of that property has been made, being chargeable with the amount of the property. Applying the distinction that we made in the case of Higgins v. Tefft, supra, it seems clear that, from the facts alleged in the complaint, this action cannot be maintained as an action for an accounting in equity. It is clear, however, that it does set forth a complete action at law against each of these directors; but, if it is an action at law, it is conceded that causes of action are improperly united.

The plaintiffs, however, insist that their action is in equity. They ask only for equitable relief, and they ask to stand or fall upon their complaint as a complaint in an action demanding equitable relief. Applying the principle of the cases above cited, it seems to us that the complaint does not allege facts sufficient to constitute an action in equity, and for that reason the judgment below sustaining the demurrer was right, and should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concur.

WILLIAMS, J. (dissenting). The case has been to the court of appeals upon demurrer to the original complaint, and it was then said that the complaint was demurrable, because it did not contain allegations and a prayer for relief sufficient to make it an action in equity. 143 N. Y. 377, 38 N. E. 371. By amendment, the plaintiffs have inserted allegations, and have amended the prayer for relief, which would seem to cure that defect, and to make the action clearly one in equity. It is now claimed that the action cannot be maintained in equity even for the matters alleged, and against all the parties made defendants therein.

In Brinckerhoff v. Bostwick (reported in the court of appeals) 88 N. Y. 52, 99 N. Y. 185, 1 N. E. 663, and 105 N. Y. 567, 12 N. E. 58, it was held that an action in equity could be maintained to call the directors of a corporation to account for their negligent wrongful

acts whereby the corporation and its stockholders suffered damage. Rapallo, J., in 88 N. Y. 60, said:

"The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and, in proper cases, to its stockholders, for such moneys, exist independently of any statute. By the Revised Statutes of New York (2 Rev. St. p. 462, § 33) it is declared that the chancellor has jurisdiction over directors, managers, and other trustees and officers of corporations to compel them to account for their official conduct in the management and disposition of the funds and property committed to their charge, and to compel payment by them to the corporation whom they represent of all sums of money, and the value of all property which they may have acquired to themselves or transferred to others, or may have lost or wasted by any violation of their duties as such trustees. These enactments are, however, merely declaratory of a jurisdiction long previously conceded to exist, both in this state and in England."

Earl, J., in 99 N. Y. 193, said:

"The action is against the directors as trustees, to call them to account for the manner in which they discharged their trust, and is one of which courts of equity always have jurisdiction."

Peckham, J., in 105 N. Y. 570, 571, 12 N. E. 58, said:

"The action was brought against defendants, who were directors of the bank, to call them to account, as trustees, for the manner in which they have discharged their trust. Of such actions courts of equity have always had jurisdiction. * * * Under the allegations of the complaint, and upon the very numerous bases of liability respecting the several defendants, it is hard to see exactly what kind of a verdict could be directed as to form in case the action were to be regarded as a common-law one, and the jury were to give a verdict for the plaintiff, which should cover the whole case, and upon which judgment should be entered. The verdict might be for different sums against different defendants, and founded upon distinct liabilities growing out of different acts as to each, and yet the foundation of the verdict in regard to the facts found against each defendant would be problematical in the extreme. The sums for which defendants might be liable may not only be different, but the total liability of all might exceed the total damage proved, and thus there would be a verdict for different sums against the different defendants, and an excess of total liability over the damage proved, and provision would have to be made for such a state of facts in the judgment to be entered, which ought to be based upon a special application, on notice, to the court, and upon its directions then given. All this shows how entirely impracticable would be a reference to a jury of the whole issue as in a common-law action, with a general verdict, and a judgment to be entered thereon, without any further application to the court."

When this action was in the court of appeals before, Finch, J., in 143 N. Y. 382, 38 N. E. 371, said:

"There is a wide distinction between Brinckerhoff v. Bostwick, 105 N. Y. 567, 12 N. E. 58, and this case. In this, the action is by the corporation against its delinquent directors; in the other, it was by a stockholder who could not sue at law, but was compelled to go into equity to obtain his relief, and whose right of action was wholly and purely of an equitable character. It may be, nevertheless, that a corporation may sue its directors in equity to recover losses sustained, for there seem to be some cases in which the remedy has been allowed. Granting that, and granting also (what I am not now ready to admit as the law of this state) that the facts pleaded in the present case are sufficient to support the action as an equitable one, we are left by the pleader in a doubt which can only be solved in recurring to the demand for relief."

It would seem that the allegations inserted in the amended complaint can leave the court no longer in doubt as to this action being

equitable in its nature. The fifty-seventh clause contains the additional allegations, and the prayer for relief is also amended. It is not necessary to refer in detail to these added allegations and prayer for relief. They are such as to make the action clearly one in equity, and one that is maintainable as such, unless the court of appeals shall directly overrule and reverse the case of Brinckerhoff v. Bostwick, above quoted from. The case of Higgins v. Tefft, 38 N. Y. Supp. 716, decided by this court in April of the present year, and still officially unreported, was one in which the complaint was entirely like the complaint in this case before it was amended as to its allegations and prayer for relief, and necessarily followed the decision of the court of appeals in 143 N. Y. 377, 38 N. E. 371, above. It seems to me that, in the present condition of the decisions of our court of appeals, as hereinbefore indicated, and without considering other cases or the question as a debatable one, we should hold this complaint to be a good one, and the demurrer thereto as not well taken.

The judgment sustaining the demurrer should be reversed, with costs of appeal to appellants, and judgment ordered overruling the demurrer, with costs of the trial court.

PATTERSON, J., concurs.