(21 App. Div. 114.)

DYKMAN v. KEENEY et al.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. EQUITY—JURISDICTION—MALFEASANCE OF CORPORATE OFFICERS.

The liability of the directors of corporations for violations of their duty or breaches of the trust committed to them, and the jurisdiction of the courts of equity to afford redress to the corporation for such wrongs, exist independently of any statute.

2. SAME—ACCOUNTING.

The receiver of a bank may maintain an equitable action against the directors for an account of property in their hands, or which has been misappropriated or lost by their negligence, if such charge be made by an appropriate allegation in the complaint, or if there be an allegation showing a necessity for an accounting, or showing that resort to a court of equity is essential to give the relief to which the plaintiff is entitled.

**3. SAME—JOINDER OF CAUSES OF ACTION.**

An action in equity was brought by a receiver of a bank against the directors and representatives of deceased directors for an accounting and discovery as to the negligence, waste, and other wrongful acts of the directors, constituting a claimed continuous system of mismanagement. The relief asked was that an account be taken; that each defendant make discovery as to his acts and transactions while a director; that the degree and proportion of his liability be established, together with such sums as had become due to plaintiff; that the aggregate damage be determined, and also which defendants were liable for any specific part thereof, jointly or severally,—and for a recovery accordingly, and for other equitable relief. *Held*, that the complaint was not demurrable on the ground that causes of action were improperly united therein.

Appeal from trial term.

Action by William N. Dykman, as receiver of the Commercial Bank, against Seth L. Keeney and others. From a judgment overruling the demurrer of the defendant Binns to the complaint, he appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry M. Dater and George F. Elliott, for appellant.
Herbert T. Ketcham, for respondent.

HATCH, J. The recent and exhaustive discussions which have been had of the subject which is raised by the demurrer interposed in this action render unnecessary an extended review of the questions involved. Little more is required at our hands than to determine what the averments of the complaint are, and, when these are arrived at, apply the legal rule by which their sufficiency is to be determined. Considerable discussion has rendered reasonably certain these rules.

The action is brought by the receiver of the Commercial Bank against the former directors thereof, and the personal representatives of such directors as have died. In general features, the action is for an accounting and discovery as to the negligence, waste, and other wrongful acts of the directors, constituting a claimed continuous system of mismanagement by such directors from April 13, 1886, to August 12, 1893. The relief asked is that an account be taken; that each of the defendants make discovery to the plaintiff of his acts and transactions between the aforesaid periods of time while he was a director, and the degree and proportion of his liability be established, together with such sums of money as have become due from any of the defendants to the plaintiff; that the damages sustained by the bank in the aggregate be ascertained and determined, and also which of the defendants are liable for any specific part of such damages, either jointly or severally; that upon a statement of the account the plaintiff recover from the defendants, respectively, the separate and different amounts for which each of the defendants may be found to be severally liable for the several and personal misconduct of himself or his decedent,—and for such other relief as accords with equity. There is no doubt but that the pleader has made a faithful attempt to make his allegations of fact and his prayer for relief in such form, and of sufficient fullness and strength, as would enable him to invoke the equitable jurisdiction of the court; and he

evidently had before him the most recent decisions of the court of appeals and of the appellate division, to shape his course. So far as the path was marked and his facts admitted, he has skillfully followed the course. We do not find it necessary to refer to the complaint in detail. In general features it is similar to the one found in O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, and Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716. It is, however, fuller than was the complaint in either of the cases cited, and has sought to meet the criticisms of the pleadings which were the subject of . examination therein, and we think the pleader has succeeded in the effort. The grounds of demurrer are two: (1) That causes of action are improperly united in the complaint; (2) that the complaint does not state facts sufficient to constitute a cause of action. The first ground of demurrer was found present in the O'Brien Case. While the complaint therein was held bad, it was not for this reason. This complaint presents a single cause of action, and, although against different persons, yet they were all engaged in similar transactions, affecting one subject-matter, i. e. the property of the bank. The complaint seeks to present for review a continuous management or mismanagement of the bank's affairs, so far as the same is affected by the defendants. The averments of the complaint are so framed that the acts alleged lead to the same result. In none of the cases has it been claimed that the complaint was defective in this respect, unless the action were to be treated as one at law for the recovery of money damages. The question therefore hinges upon the fact whether an equitable action will lie to accomplish the result sought. The question seems to be answered in the affirmative by authority, and ought to be so answered in principle if authority were lacking. In Brinckerhoff v. Bostwick, 88 N. Y. 52, Judge Rapallo laid down the rule that:

"The liability of the directors of corporations for violations of their duty, or breaches of the trust committed to them, and the jurisdiction of courts of equity to afford redress to the corporation, and in proper cases to its shareholders, for such wrongs, exist independently of any statute."

In Brinckerhoff v. Bostwick, 99 N. Y. 185, 1 N. E. 663, Judge Earl said:

"This is unquestionably an equity action, and the plaintiffs stand in the place of the receiver; and, if he had prosecuted the action, he would have stood in the place of the bank, and had the same right which it would have had if plaintiff."

It is quite true that these were actions by stockholders, and were therefore exclusively cognizable by a court of equity. But the liability was made to depend upon a breach of duty, or breaches of the trust committed to their care. It did not turn upon the technical question whether they were to be treated as agents or trustees of the bank. It went upon the broader ground that, treated in either capacity, they were guilty of a breach of duty and trust, and were therefore liable. It is quite true that Judge Finch, in O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371, states that the real relation existing between the corporation and its directors is that of principal and agent. But he does not base his determination in that

case upon such fact. The case expressly recognizes that, while directors of a bank are liable to be sued at law for culpable misfeasance or nonfeasance resulting in damage, yet they may also be made liable in an equity action. For the opinion says, after referring to the Brinckerhoff Case:

"It may be, nevertheless, that a corporation may sue its directors in equity to recover losses sustained, for there seem to be some cases in which the remedy has been allowed." And again: "If there were further allegations showing somewhere, or in some way, the need of equitable intervention, the difficulty would be removed."

So this case went off upon the ground that the complaint was insufficient, and left to stand intact the rule that the receiver of a bank might maintain an equitable action to recover damages for a loss occasioned through a breach of trust by the directors of the bank. The question comes to rest, therefore, upon the sufficiency of the averments of the complaint. Judge Finch was able, in the O'Brien Case, to point out three specific defects in the complaint, wherein there was failure of allegation of facts sufficient to invoke the equitable aid of the court. In addition to this, the prayer for relief was consistent with a complaint in an action at law for a money judgment, and it was therefore held that such was the nature of the action. In the present case all of these matters are supplied, and the complaint contains the very allegations which the complaint in the other action lacked. In Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716, the receiver was held to have succeeded only to such rights and causes of action as were possessed by the bank at the time of his appointment, and that such right of action as was possessed by stockholders and creditors as such remained with them, unimpaired by the appointment of the receiver, and therefore, as the action did not proceed upon the ground that the defendant had possessed himself of any property of the bank for which he should account, but solely to recover damages for his negligence and misconduct, and no accounting or discovery was shown to be necessary or asked for, an action in equity could not be maintained. Giving full force to this distinction, it does not change the equitable features of the present complaint. That case expressly recognized that an equitable action would lie against an agent or trustee to account for property in his hands, or which had been misappropriated or lost by the negligence of the agent or trustee, if such charge be made by an appropriate allegation in the complaint, or if there be an allegation showing a necessity for an accounting, or showing that resort to a court of equity is essential to give the relief to which the plaintiff is entitled. In this complaint there is an allegation of misappropriation of the money of the bank by act of the directors during the term of office of the demurring defendant; and in the other respects this complaint meets, by appropriate allegations, the defects pointed out by the court in the complaint before it. In none of the cases has there been any doubt expressed but that a cause of action was averred against the defendants. The difficulty has been found in insufficiency of allegation to entitle the plaintiff to equitable relief. As we have seen, the pleader here has overcome that

difficulty, and has stated, not only a cause of action, but an equitable cause of action.

It follows that the interlocutory judgment should be affirmed, with costs, and leave given to the defendant to answer within 20 days, on payment of costs. All concur.

---

(20 App. Div. 591.)

## CASS v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. October 5, 1897.)

1. WITNESSES—CROSS-EXAMINATION—DISCRETION OF COURT.
    The exclusion, upon cross-examination, of inquiries admissible as having some bearing on the credibility of the witness, is not ground for reversal, if, upon consideration of the entire testimony of the witness, the ruling was not manifestly prejudicial.

2. DAMAGES—PERMANENCY OF INJURIES—EXPERT TESTIMONY.
    Where, on the trial of an accident case, a physician who has actual personal knowledge of plaintiff's injuries has described them to the jury, and has been asked whether the injuries he had specified were permanent, and the question is then changed in form, and uses the term "these injuries," it is not objectionable for failing to again specify the injuries.

4. SAME—CONCLUSIONS OF WITNESS.
    Testimony of plaintiff, in an action for personal injuries, that he had not done any work since the accident, because he had not been able to do any, was not open to objection as a conclusion.

Appeal from trial term, Queens county.