(30 App. Div. 481.)

HIGGINS v. GEDNEY et al.

(Supreme Court, Appellate Division, First Department. June 10, 1898.)

PLEADING—AMENDMENT.

    After the appellate division had determined that a certain action was not maintainable in equity, and subsequently, in another case, had fully explained the point of law involved in an opinion thereafter affirmed by the court of appeals, the plaintiff twice amended his complaint, in disregard of the law thus established, and still adhering to the equitable form of action, and at last, after four years, moved for leave to serve a fourth amended complaint, abandoning his single cause of action in equity against all of the defendants, and substituting therefor 110 new causes of action at law, against some of them. He had not in any way been misled as to the facts, and it was claimed that the statute of limitations had long since run against the new causes of action. *Held*, that under these circumstances he should not be permitted to amend.

    Appeal from special term.

    Action by Francis Higgins, receiver, against Edward E. Gedney and others. From an order permitting plaintiff to serve a fourth amended complaint, defendants appeal. Reversed.

    Argued before BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

    Edward M. Shepard, for appellant Charles C. Worthington.
    De B. Wilmot, for appellant Frank L. Close.
    Joseph H. Choate, for appellant William E. Tefft.
    Thomas T. C. Crain, for respondent.

    BARRETT, J. This action was brought in 1894. It was in equity, against the directors of the North River Bank; and the prayer for relief was that the damages which the bank, its depositors, stockholders, and creditors, had sustained by reason of certain wrongful and negligent acts set forth in the complaint, "may be ascertained and determined," and that the plaintiff, as receiver of the bank, "recover, collect, and receive the amount so ascertained for the benefit of the creditors and stockholders of the bank." There was a demurrer to this complaint, which was sustained upon the ground of the misjoinder of causes of action. 4 App. Div. 62, 38 N. Y. Supp. 716. The effect of this decision was that the action was not maintainable in equity. The question was there elaborately considered; and it was held that the complaint was substantially within the rule laid down in O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371. This doctrine was reaffirmed by this court in O'Brien v. Fitzgerald, 6 App.

Div. 509, 39 N. Y. Supp. 707, and the distinction which was made upon the former appeal in the present case, between an action against directors for an accounting in equity and an action against them at law, was fully explained in the opinion in the latter case. The decision in this latter case was rendered in June, 1896; and it was affirmed by the court of appeals in October of the same year (150 N. Y. 572, 44 N. E. 1126), the court specifically answering in the negative the question whether the complaint in that action set forth a cause of action in equity. Notwithstanding these decisions, which fully advised the plaintiff of his situation, he adhered to his equitable action. By an amended complaint which he was permitted to serve in July, 1896, he again alleged a single cause of action in equity against all the directors, and again asked equitable relief against all. This second amended complaint was also demurred to upon the original grounds, and the demurrer was sustained in January, 1897. The plaintiff appealed from the judgment sustaining the demurrer, and that judgment was affirmed by this court in May, 1897. No opinion was filed upon that affirmance (17 App. Div. 638, 47 N. Y. Supp. 1138), this court deeming the question of the plaintiff's right to maintain an action in equity settled by its previous decision. It would seem that at this point the plaintiff could no longer have been in doubt as to his situation. He had been told as plainly as language could tell him that he could not maintain an action in equity against these directors upon the allegations of his complaint. The court of appeals, in the previous October, had taken practically the same view of the complaint in O'Brien v. Fitzgerald. This was surely the time when, if ever, he should have thrown himself upon the indulgence of the court, and asked to be permitted, as he now does, substantially to bring actions at law under the guise of an amendment. We need not consider the question of power, nor speculate as to whether it would have been just even at that point to permit the sweeping change now contemplated. Suffice it to say that the plaintiff pertinaciously adhered to his position, and again induced the special term to permit him to amend in his original line and upon his original theory. Accordingly, he served a third amended complaint still in equity; in fact, varying his prayer for relief so as to emphasize his purpose in that respect. He says he did this in reliance upon the opinion of another tribunal in another case. He preferred to take his chances with the law as thus laid down rather than submit to the law of his own case, as administered in the tribunal of his own selection. Having thus, in defiance of our judgment, twice rendered, again adhered to his original position, surely he must now stand or fall by that position. He asks at this late day to be permitted to recede from it, and to serve a fourth amended complaint, which abandons his single cause of action in equity against all the directors, and substitutes therefor 110 new causes of action at law, against some only of them. As to seven of the directors, he abandons his case entirely, asking to discontinue as to them upon payment of costs. His sole ground of appeal to this extraordinary favor of the court is that the decision upon which he leaned has been reversed by the court of appeals, and the rule laid down in his own case reaffirmed. He was not, however, in any re-

spect misled thereby.   He simply chose to act upon his own view of the law, as fortified by that decision; and he did this with full knowledge and extreme deliberation.   As already observed, he thus acted in defiance of the judgment of the court in this action; and consequently he took his chances as to the result.   He does not claim to have been misled as to the facts.   He has, indeed, known all the facts from the beginning.   What he desires, and all he desires, is to present them as entirely new and distinct causes of action at law, against 8 out of the 17 directors named as defendants in his original complaint.   It seems to us quite plain that he should not, under the circumstances, have been permitted, by amendment, to thus change the entire course of this litigation.   After four years of successful defense to the equitable action, the defendants should not now be called upon in the same action to meet a host of entirely new and distinct causes of action at law.   The statute of limitations has, it is claimed, long since run against these new causes of action.   They have, in fact, become stale, owing largely to the course adopted by the plaintiff in this very action.   One of these directors resigned in 1889, and another is dead.   The latter's executor deposes that his father's testimony was not perpetuated; that his witnesses are scattered, and their memory dimmed by time; and that transactions which he would have to prove have been forgotten.   In every aspect of the case, we think the application was without merit, and that it should have been denied.

The order must be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs.   All concur.