(28 Civ. Proc. R. 236; 25 Misc. Rep. 248.)

### HIGGINS v. GEDNEY et al.

(Supreme Court, Special Term, New York County. November, 1898.)

PLEADING—AMENDMENT—LACHES.

A demurrer will be sustained by the special term without leave to amend where the appellate division has denied an application to amend because a legal cause of action would be substituted for an equitable one, and for laches, where no new facts are relied on.

Action by Francis Higgins, as receiver, against Edward E. Gedney and others. Heard on demurrer to the amended complaint. Judgment for defendant Tefft.

T. C. T. Crain, Benjamin Yates, Leopold Leo, and Durnin & Yates, for plaintiff.

William B. Ellison, for defendant Tefft.

DALY, J. It is conceded by plaintiff's counsel that the demurrer must be sustained, but the privilege of amending the complaint is contended for. The defendant urges that leave to amend should not be granted. The case is peculiar. The action was commenced in 1894, and an amended complaint was demurred to by defendant Tefft for improper joinder of causes of action. The demurrer was sustained on appeal (4 App. Div. 62, 38 N. Y. Supp. 716), and plaintiff again, in 1896, amended the complaint pursuant to leave granted upon his motion. The second amended complaint was then demurred to by defendant Tefft on the same ground, and the demurrer was again sustained on appeal. 17 App. Div. 638, 47 N. Y. Supp. 1138. Leave to amend a third time was granted plaintiff on his motion, and this demurrer is interposed by the same defendant to the complaint, as so amended, on the same ground. The questions arising upon the demurrer to this last amended complaint have been determined adversely to the plaintiff by the court of appeals in a late decision. Dykman v. Keeney, 154 N. Y. 483, 48 N. E. 894. This decision reversed the ruling of the appellate division of the Second department (21 App. Div. 114, 47 N. Y. Supp. 352), upon which the plaintiff relied in making his last amendment. Immediately upon the decision of the court of appeals, the plaintiff in this case applied at special term for leave to amend a fourth time, and leave was granted, but the order was reversed by the appellate division. 30 App. Div. 481, 52 N. Y. Supp. 331. The application now made for leave to amend upon the trial of the demurrer is, in effect, a renewal of the application which has been denied by the appellate division. It is urged that the leave so refused referred to the particular amendment asked for upon that motion, and that such denial is no bar to the general leave to amend now applied for. But the opinion of the appellate division shows that the court was adverse to any amendment at this stage of the case, the court saying: "After four years of successful defense to the equitable action the defendants should not now be called upon in the same action to meet a host of entirely new and distinct causes of action at law." If any effective amendment were allowed now, it would be to substitute legal causes of action for the equitable causes of action set up in the complaint. The appellate division has refused leave to do so in the most sweeping terms, and its decision controls the discretion of the special term in the absence of new facts. None are shown. No good reason is apparent for granting leave to amend as a mere incident in sustaining a demurrer where such leave has been denied in a motion for the specific purpose. Final judgment for defendant Tefft, with costs.

Ordered accordingly.