that the car came to a stop at the southerly or downtown side of Eighty-Second street, and that he started to alight. He had "one foot on the step and one foot off" when the car started, and he was thrown. The judgment is attacked as against the weight of evidence. Notwithstanding the plaintiff was accompanied by his wife, who, as appears, was so seated that she must have seen the accident, she was not called as a witness; nor was any explanation of her absence given. The plaintiff's case stands upon his own uncorroborated testimony. Moreover, it is pregnant with improbabilities. Plaintiff's version of the accident is contradicted by three witnesses, one of whom is entirely disinterested. The overwhelming weight of credible testimony shows that the plaintiff got off the car while it was in motion.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

---

MUTUAL LIFE INS. CO. OF NEW YORK v. GILLETTE.

(Supreme Court, Appellate Division, First Department. May 31, 1907.)

ACTION—MISJOINDER.

    A complaint setting out two complete causes of action, one in equity for an accounting, and the other at law for damages, is a misjoinder of actions, and bad on demurrer.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Action, § 449.]

Appeal from Special Term.

Action by the Mutual Life Insurance Company of New York against Walter R. Gillette. From an interlocutory judgment on demurrer for defendant, plaintiff appeals. Affirmed.

Argued before INGRAHAM, LAUGHLIN, CLARKE, SCOTT, and LAMBERT, JJ.

James McKeen, for appellant.
Edmund L. Mooney, for respondent.

SCOTT, J. The plaintiff has so framed its complaint as to set out two complete causes of action—one in equity for an accounting concerning the disposition of a fund over which, as it is said, the defendant had custody and control; the other at law for damages claimed to have resulted from the wrongful or negligent acts of defendant in auditing bills against the plaintiff, payable out of its general funds, and not out of the special fund alleged to have been within defendant's custody. It is true that these two causes of action are not separately stated and numbered as such, but they are as distinct as if they were so stated and numbered. It is manifest that these two causes of action cannot be united in one complaint, and therefore the demurrer was properly disposed of in the court below.

The cases relied upon by plaintiff to sustain its pleading (Bosworth v. Allen, 168 N. Y. 157, 61 N. E. 163, 55 L. R. A. 751, 85 Am. St. Rep. 667; Mabon v. Miller, 81 App. Div. 11, 80 N. Y. Supp. 979) are not in point. While it is true that certain expressions used in the opinions in those cases might appear to uphold the plaintiff's

contention, the vital difference between those cases and the present is
that here it is not alleged that defendant himself received or profited
by any part of the sums said to have been paid out on his improper
audit. The cause of action for negligent audits is governed by Higgins v. Tefft, 4 App. Div. 63, 38 N. Y. Supp. 716, and O'Brien v.
Fitzgerald, 6 App. Div. 509, 39 N. Y. Supp. 707. Nor have we
presented here merely the case of an action for an accounting, which
includes matters not properly the subject of an account. In such a
case the question of what the accounting should cover would be a
matter to be determined upon the settlement of the interlocutory
judgment, and not a question to be raised by demurrer. As the
plaintiff has, however, seen fit to distinctly and completely plead two
causes of action, the question of improper joinder is one which can
be tested by a demurrer.

The judgment appealed from is therefore affirmed, with costs and
disbursements, with leave to plaintiff to amend its complaint within
20 days upon payment of costs in this court and the court below. All
concur.