(86 Misc. Rep. 547)

### GERMAN–AMERICAN COFFEE CO. v. DIEHL.

(Supreme Court, Special Term, New York County. July, 1914.)

1. CORPORATIONS (§ 320*)—ACTION AGAINST DIRECTOR—NECESSARY PARTIES.

    Under General Corporation Law, § 91a (Laws 1913, c. 633), authorizing a suit to compel "one or more" directors of a corporation to account for injury to or losses of corporate assets through their negligence, or violation of their duties, or failure to perform same, an action may be brought against a single guilty director of a corporation without joining his codirectors.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

2. TRUSTS (§ 305*)—ACTION AGAINST TRUSTEE—NECESSARY PARTIES.

    In an action against trustees for an accounting, all are necessary parties where a right of contribution exists.

    [Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 421–426; Dec. Dig. § 305.*]

3. CORPORATIONS (§ 320*)—ACTIONS AGAINST OFFICERS—EFFECT OF STATUTE.

    General Corporation Law, § 91a, authorizing an action against directors and officers, dispenses with the distinctions between strict actions for an accounting of property actually received and for wrongful acts, and authorizes a single action in equity, in which the directors and officers may be called to account for all their official acts, whether consisting of actual misappropriation of funds, or negligence, or neglect of duty resulting in damages.

    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

4. CORPORATIONS (§ 639\*) — ACTIONS AGAINST OFFICERS — FOREIGN CORPORA-
TION—APPLICATION OF STATUTES.

   General Corporation Law, § 91a, authorizing a single action in equity
against directors and officers for an accounting of property received and
for wrongful acts, applies as well to foreign as to domestic corporations.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2530, 2531;
Dec. Dig. § 639.\*]

5. CORPORATIONS (§ 672\*)—ACTION AGAINST OFFICERS—COMPLAINT—FAILURE
TO PLEAD STATUTE.

   The complaint in an action brought pursuant to General Corporation
Law, § 91a, against a person holding the offices of director and treasurer
of a New Jersey corporation, was not demurrable, though it failed to set
out the New Jersey law relative to the duties of corporate officers and di-
rectors, where defendant was charged with common-law offenses; the pre-
sumption being that the common law of New Jersey is the same as that
of this state.

   [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649;
Dec. Dig. § 672.\*]

Action by the German-American Coffee Company against Clarence ·
A. Diehl. Demurrer to complaint overruled.

Rounds, Hatch, Dillingham & Debevoise, of New York City, for
plaintiff.

Charles W. Lucas, of New York City, for defendant.

PAGE, J. The plaintiff is a corporation organized and existing un-
der the laws of the state of New Jersey, but duly authorized to do
business in this state, and having its main business office and transact-
ing most of its business in the city of New York. The defendant, Clar-
ence A. Diehl, it is alleged in the complaint, has been a duly elected
and qualified director of the plaintiff, and its treasurer, from about
July 6, 1903, continuously until January 22, 1913. The action is
brought pursuant to section 91a of the General Corporation Law (Laws
1913, c. 633), to compel the defendant to account for various alleged
acts of nonfeasance and misfeasance in his office of director, whereby
the corporation is said to have sustained injury and loss of property
and assets.

The defendant has demurred to the complaint upon the grounds:
First, that there is a defect of parties defendant, in that the alleged un-
lawful, fraudulent, and negligent acts were performed by the board
of directors acting in concert and the other directors who participated
in the acts are not made parties defendant, and that the promoters of
the various companies referred to in the complaint, with which the·
defendant is alleged to have made fraudulent and improvident con-
tracts, should be joined as parties defendant, and the said companies
themselves also should be joined as parties defendant; second, that
causes of action have been improperly united, in that an action in
equity for an accounting has been joined with actions at law for the
recovery of damages due to fraud, waste, negligence, secret profits,
etc.; third, that the complaint does not state facts sufficient to consti-
tute a cause of action. The issues of law have been brought on for
hearing as a contested motion.

[1] As to the first ground alleged, the demurrer must be overruled. Section 91a of the General Corporation Law, supra, provides that:

"The Supreme Court shall also have and exercise jurisdiction in equity, at the suit of a corporation, or of a receiver, or trustee in bankruptcy thereof, to compel one or more trustees, directors, managers or other officers of the corporation to account for injury to or losses of the funds, assets or property of the corporation, caused by or through any neglect or failure of the defendants to perform, or for violation of, their duties."

The statute under which the suit is brought thus clearly authorizes an action against a single guilty director without joining his codirectors. It has been so held in cases brought under the preceding sections 90 and 91, of which the present section is merely an extension. Buckley v. Stansfield, 155 App. Div. 735, 140 N. Y. Supp. 953. And furthermore, on principle, there is no ground for holding that the codirectors of the defendant are necessary parties.

[2] The rule is correctly stated in People v. Equitable Life Assurance Society, 124 App. Div. 714, at page 729, 109 N. Y. Supp. 453, at page 465, relied upon by the demurrant, that:

"In an action against trustees for an accounting, all are necessary parties where a right of contribution exists."

While a director of a corporation may be said to be a trustee of the property of the corporation for some purposes, the present action is not one to compel the defendant to account for the property and funds which actually or nominally came into his hands as trustee jointly with his codirectors. The complaint rests principally upon various acts of misfeasance and neglect of duty on the part of the defendant, which at common law would only give rise to separate actions at law for damages. O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371.

The acts of the defendant relied upon are all acts of alleged waste, improvidence, and fraud, whereby the property of the plaintiff was dissipated, such as the purchasing of property at a price grossly in excess of its value, the making of contracts with other persons and corporations which were unfair to the plaintiff and involved a loss of its assets, a sale of the company's stock for less than its value, the payment of excessive commissions upon the sale of stock, failure to keep proper books of account for the corporation, showing the disposition of its funds and assets, a payment of a bonus to officers and directors of the company of 5 per cent. upon the sale of stock of the company to them, and wrongfully making remittances to Mexico in the name of another company in which the defendant was a partner, of which no record was kept.

While some of these alleged acts may have resulted in personal gain to the defendant, owing to his connection with the persons or corporations with which the transactions were had, the causes of action attempted to be set forth are not for an accounting of the actual moneys received by him, but for his wrongful acts, resulting in damage to the corporation, irrespective of whether the gain went to him or to others. In such an action his codirectors who joined with him in voting for and consummating the said acts are merely joint tort-feas-

ors, and as such are jointly and severally liable, and are not entitled to contribution. As such they may be sued separately or jointly, at the election of the injured party.

[3] It is then claimed in support of the second ground of demurrer, namely, for misjoinder of causes of action, that if the action be not one against the directors for an accounting in the strict sense, that each separate wrongful act constitutes a separate tort for which a separate action must be brought, and no relief in any way partaking of the nature of an accounting in equity can be joined with any of the tort actions. This was clearly the law of this state prior to the enactment of the statute under which this action is brought. Gen. Corp. Law, § 91a; Laws 1913, c. 633. An action for damages for the misfeasance or nonfeasance of a director or officer of a corporation was an action at law, subject to the rules and restrictions governing such actions, and could not be joined with an action for equitable relief. Higgins v. Tefft, 4 App. Div. 62, 38 N. Y. Supp. 716; O'Brien v. Fitzgerald, 143 N. Y. 377, 38 N. E. 371; Mutual Life Ins. Co. v. Gillette, 119 App. Div. 430, 104 N. Y. Supp. 683; People v. Equitable Life Assur. Soc., 124 App. Div. 714, 109 N. Y. Supp. 453; Moran v. Vreeland, 81 Misc. Rep. 664, 143 N. Y. Supp. 522.

But by section 91a, supra, a jurisdiction to entertain such an action in equity on behalf of the corporation or its representatives has been expressly conferred upon this court, with a provision for the separate trial by jury, pursuant to section 970 of the Code of Civil Procedure, of any issue of negligence which may arise in such an action, if either party should apply for it. The effect of this statute is to do away with the distinctions recognized in the cases above cited between strict actions for an accounting of property actually received and for wrongful acts, and to authorize a single comprehensive action in equity, in which the directors or officers of a corporations may be called to account for all of their acts while in office, whether the said acts consisted of the actual misappropriation of funds, or were negligence or neglect of duty, resulting in damage. The demurrer for misjoinder of causes of action is accordingly overruled.

[4] In support of the third ground of demurrer, it is claimed that the statute (Gen. Corp. Law, § 91a, supra) under which the action is brought does not apply to a foreign corporation. It has been clearly established by the Court of Appeals that sections 90 and 91 of the General Corporation Law, formerly sections 1781 and 1782, Code of Civil Procedure, apply as well to foreign as to domestic corporations, provided jurisdiction of the person of the defendants be duly acquired. Miller v. Quincy, 179 N. Y. 294, 72 N. E. 116. There is no apparent reason why section 91a, which is merely an amendment of or addition to the said sections, should not come within the same rule and be similarly applied.

[5] It is further argued that the officers and directors of the New Jersey corporation are governed in their actions by the charter of the corporation, the by-laws of the corporation, and the common and statutory law of the state of New Jersey, none of which are properly pleaded in the complaint, and that therefore the complaint does not

state facts sufficient to constitute a cause of action. The answer to this argument is obvious. The complaint does not attempt to allege a statutory cause of action under a New Jersey statute, nor one for violation of the charter or by-laws of the corporation. The offenses set forth are such at common law, and the common law of New Jersey is presumed, in the absence of proof to the contrary, to be the same as that of this state, and need not be pleaded or proved.

The demurrers are overruled, with $10 costs, with leave to the defendant to withdraw them and serve an answer within 20 days after service of notice of entry of an order herein upon payment of said costs.

Demurrer overruled, with $10 costs, with leave to withdraw and serve answer within 20 days.

Demurrer overruled.