LEIGH BEST, for the Use of AMERICAN LOCOMOTIVE COMPANY, and AMERICAN LOCOMOTIVE COMPANY, Appellants, Respondents, v. ALFRED NATHAN and Others, Respondents, Appellants. (Actions Nos. 1 and 2.)

First Department, May 31, 1918.

**Equity — practice — discretionary power to submit questions of fact to jury — representative action by stockholder involving fraud of directors — jury trial denied.**

In a representative suit in equity brought by a minority stockholder against the directors of the corporation to compel an accounting for moneys of the corporation unlawfully diverted by the defendants and to rescind the resolutions pursuant to which the diversions were made, the defendants are not entitled to have the questions of fact stated for a trial by jury upon the ground that the issues of fraud and bad faith are involved, and especially so where it does not appear that there will be any serious dispute as to the essential facts or any serious conflict between the witnesses.

It lies in the discretion of the court to seek an advisory verdict in a suit in equity.

APPEAL by the plaintiffs, Leigh Best and another, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of December, 1917, as resettled by an order entered in said clerk's office on the 19th day of February, 1918, as directs that certain questions be stated for trial by a jury.

Appeal by the defendants, Alfred Nathan and others, from so much of said orders as denies their motion for the statement of an additional question for trial by a jury.

*Charles E. Rushmore* of counsel [*James F. Sandefur* with him on the brief; *Rushmore, Bisbee & Stern*, attorneys], for the appellants, respondents.

*Samuel Untermyer* of counsel [*Adam K. Striker* with him on the brief; *Guggenheimer, Untermyer & Marshall*, attorneys, and *Benedict & Striker*, attorneys], for the respondents, appellants.

SHEARN, J.:

These are appeals by the plaintiffs from so much of an order in each of two equity suits as directs that certain questions therein set forth be stated for trial by a jury. The defendants have appealed from so much of each order as denies their motion for a statement of an additional question.

The actions are the ordinary ones brought by a minority stockholder of a corporation against its directors and the corporation to compel an accounting for moneys of the corporation unlawfully diverted to the use of officers of the company, and to rescind the resolutions pursuant to which the diversions were made. The essence of the complaint in action No. 1 is that pursuant to an illegal agreement the directors voted to increase the salary of Alfred Nathan, as president of the company, from $25,000 a year to $60,000 a year, and the salary of the defendant Edward S. Toothe, as vice-president of the company, from $12,000 to $60,000 a year, and granted unto them bonuses to be paid out of the property of the company of ten per cent of all the profits in excess of $500,000 per annum. It is alleged that the diversion amounted within one year to $731,000.

Action No. 2 is a similar one and challenges the right to permit the defendant Toothe to appropriate as a bonus the property of the defendants, to the extent that he was permitted to purchase 150 shares of the capital stock at $200 a share when its value vastly exceeded that amount. The essence of this complaint is bad faith.

The defense in both actions is a general denial and that the plaintiff, through one of its officers who represented it in the directorate of the defendant corporation, consented to the resolutions authorizing the alleged diversions and also that the plaintiff well knew the facts and ratified the acts complained of. The first issue framed in action No. 1 is: " Did the action of the defendants    *   *   *    constitute an unlawful diversion of the assets of said Nathan Manufacturing Company, and did the defendants    *   *   *    thereby appropriate said assets for the benefit of and as a gift to said defendants Alfred Nathan and Edward S. Toothe? " The second and third questions are whether the plaintiffs did " consent to the action of the Board of Trustees " and " consent to the pay-

ment of the compensation authorized by the action of the Board of Trustees." The fourth question is whether the plaintiffs did " ratify the action of the Board of Trustees * * *, or the acts of said company done in pursuance thereof." In action No. 2, the first two questions are whether the action of the defendants, either on November 30, 1915, or on April 25, 1916, referring to the option granted to the defendant Toothe, constituted a diversion of the assets of the company, and the third question is whether the plaintiffs consented to the action of the board of trustees authorizing the option agreement.

It is apparent that such of these questions as do not involve conclusions of law are mixed questions of law and fact. Passing the objectionable form of the questions, defendants insist that the underlying questions of fact should be stated for trial by jury because the gravamen of the action is fraud or bad faith. This is not a sufficient ground. Fraud or bad faith is the issue in nearly all of such actions, and indeed in a substantial proportion of all equity cases. If there were a conflict of fact as to whether plaintiff's representative actually voted in favor of the resolutions in question, or actually expressed his assent to the acts complained of, and if the testimony were evenly balanced and a conclusion could only be reached by determining the veracity of the witnesses, and if such determination were difficult owing to the interest and motives of the witnesses, a case might be presented that would justifiably move the discretion of the court to seek an advisory verdict on the disputed facts from a jury. But this is no such case. It does not appear that there will be any serious dispute as to the essential facts or any serious conflict between witnesses. It is not denied that plaintiff's representative in the defendant corporation's board of directors voted in favor of the acts complained of, but a question of law is raised as to whether any such consent, approval or ratification is binding upon the corporation American Locomotive Company, for whose use and benefit this action was brought. True, the question of the good faith of the defendant directors still remains, but that must be finally determined by the court, and it would serve no useful purpose to submit it to a jury when the conclusion depends upon inferences

to be drawn not from disputed facts but from undisputed facts.

The orders, in so far as they grant defendants' motions to state questions by trial by jury, are reversed, with ten dollars costs and disbursements, and in so far as they deny the defendants' motions are affirmed.

DOWLING, SMITH, PAGE and MERRELL, JJ., concurred.

Orders, so far as they grant defendants' motions, reversed, with ten dollars costs and disbursements to plaintiffs, and so far as they deny said motions, affirmed.