THE WOOLSON SPICE COMPANY, Plaintiff, *v.* COLUMBIA TRUST COMPANY, as Executor of the Last Will and Testament of HERMAN SIELCKEN, Deceased, and THORLEIF S. B. NIELSEN, Defendants.

(Supreme Court, New York Special Term, March, 1920.)

Equity — jurisdiction — corporations — pleading — General Corporation Law, § 91-a.

A court of equity has jurisdiction to compel a director of a corporation to account for secret profits from its funds made in violation of his trust, even if a part of the relief to which the plaintiff may be entitled could be had in an action at law.

Where the complaint in an action brought by a corporation alleges positive misfeasance and violation of duty on the part of the defendant directors and includes a demand for judgment in a sum of money, and the plaintiff's right to proceed in equity upon the complaint as framed is expressly conferred by section 91-a of the General Corporation Law, a separate defense containing no denials but pleading that plaintiff has an adequate remedy at law is demurrable.

Issues of law raised by the plaintiff; demurrer to the second separate defense set up in the answer of the defendant Columbia Trust Company brought on by the plaintiff as a contested motion, asking for an order sustaining the demurrer, with costs.

Wise & Seligsberg (Edmond E. Wise and Leon Lauterstein, of counsel), for motion.

Smith & Agate (Leonard B. Smith, of counsel), opposed.

Giegerich, J. The plaintiff has demurred to the sufficiency of the defense set up in the answer of the defendant Columbia Trust Company, as executor of the last will and testament of Herman Sielcken, deceased, which defense is that the plaintiff has an adequate remedy at law and has brought on the issues of law raised by the demurrer as a contested motion, asking for an order sustaining the demurrer, with costs. The separate defense in question does not contain any general or special denial. The complaint alleges that from 1910 to 1915 the said Sielcken was the president and a director of the plaintiff corporation and was also a member of the firm of Crossman & Sielcken, and that during the years 1912 and 1913 and for some years prior thereto the said Sielcken, individually or in behalf of his said firm, was a member of a secret pool and combination operating a method known as the valorization of coffee, having

for its object the control of the supply and price of green coffee throughout the United States and elsewhere, and that during the years 1912 and 1913 the said Sielcken, individually and as a member of the firm of Crossman & Sielcken, was financially and otherwise interested in the distribution and sale of the green coffee held by said pool, and that during 1912 and 1913 the said Sielcken caused his said firm of Crossman & Sielcken to sell to the plaintiff, and as president of the plaintiff he purchased from said firm, at the artifically enhanced prices fixed by himself as a member of the said pool, 23,691,296 pounds of green coffee, which amount was largely in excess of the plaintiff's legitimate business needs, and that the plaintiff paid large sums for storage and other expenses incident to such purchases in excess of its legitimate needs, and that said Sielcken caused to be paid from the plaintiff's funds to his said firm the sum of $96,971.15 as interest on the said purchase price, and that by reason of the decline in the market price of green coffee the plaintiff sustained large losses on the said purchases, amounting in the aggregate to upward of $932,000. The complaint further alleges that, as the result of said purchases of green coffee by the plaintiff through the said Sielcken, he made large profits, the exact amount of which is unknown to the plaintiff and of which the plaintiff has had no accounting from the defendants or from said Sielcken or from either of them. The complaint also alleges that the defendant Nielsen was a director of the plaintiff during the period in question and was associated with Sielcken in the firm of Crossman & Sielcken and acted in all matters set forth jointly with and under the direction of Sielcken. The relief prayed for is that the defendants be compelled to account for the acts of Sielcken and Nielsen, as directors of the

plaintiff, and of Sielcken, as president, and **for** their violations of duty as directors and president and for their waste of the plaintiff's property and assets and their misappropriation and diversion of its funds and for the damages resulting from their violations of duty, and that they restore to the plaintiff the amount of the value of all moneys and properties so wasted, misappropriated and diverted, and pay over to the plaintiff such other and further amounts as upon accounting may appear to be due to it. There is also a prayer that the plaintiff recover the damages suffered in the sum of $932,000, with interest. It is urged by the demurring defendant that because the complaint alleges that the losses sustained by the plaintiff by reason of the decline in the market of green coffee, which followed the purchase thereof, amounted to $932,000, and as the prayer for judgment, among other things, demands judgment for such sum, the plaintiff has an adequate remedy at law. It must be borne in mind, however, that it is alleged that Sielcken made profits as a result of the purchases of green coffee by the plaintiff through him from the firm of Crossman & Sielcken, the exact amount of which it is alleged is unknown to the plaintiff and of which profits the plaintiff has had no accounting from the defendants or from the said Herman Sielcken, or from either of them. As already stated, the complaint, among other things, demands an accounting. The right to compel a director of a corporation to account for secret profits made in violation of his trust is peculiarly the province of courts of equity (*Bosworth* v. *Allen,* 168 N. Y. 157, 166; *Asphalt Construction Co.* v. *Bouker,* 150 App. Div. 691; affd., 210 N. Y. 643), and even if part of the relief to which the plaintiff may be entitled could be had in an action at law, a court of equity will nevertheless take jurisdiction of

the entire matter. *Bosworth* v. *Allen, supra.* More-over, the plaintiff's right to proceed in equity upon the complaint as drawn, including the judgment demanded, is expressly conferred by section 91-a of the General Corporation Law. *German American Coffee Co.* v. *Diehl,* 86 Misc. Rep. 547; affd., on opinion below, 168 App. Div. 913; 216 N. Y. 726; *Sherwood* v. *Holbrook,* 98 Misc. Rep. 668; affd., 178 App. Div. 462. The defendant contends, however, that the statute referred to is unconstitutional because no provision is made for a jury trial in a case like the one at bar, where the complaint sets up positive misfeasance and violation of duty and no negligence is alleged. This point, as appears from the briefs of counsel, was raised in the Court of Appeals in *German American Coffee Co.* v. *Diehl, supra,* which, like the present one, was a case in which affirmative misconduct was alleged, but the Court of Appeals nevertheless affirmed the decision of the court below, which was based upon that statute. The separate defense demurred to contains no denials, and therefore all the allegations of the complaint are admitted for the purpose of the demurrer, as though such defense was the only one set up in the answer. Since it appears from the facts alleged in the complaint that the plaintiff must necessarily resort to equity and cannot secure sufficient relief elsewhere, and the defense contains no allegations of additional facts showing that an adequate remedy at law does exist, the defense in question is insufficient and the demurrer must be sustained. *Holland* v. *Grote,* 193 N. Y. 262; *Ward* v. *Chelsea Exchange Bank,* 153 App. Div. 638. The motion should be granted and the demurrer sustained, with costs.

Motion granted, with ten dollars costs.