W. B. CRUIKSHANK BUILDING CORPORATION, Plaintiff, *v.* GEORGE W. EGBERT, SR., Defendant.

Supreme Court, Kings County, April 11, 1927.

Corporations — action by corporation against director under General Corporation Law, § 91-a, based on unlawful or fraudulent acts — defendant not entitled to jury trial.

In an action by a corporation against a director, brought under section 91-a of the General Corporation Law, wherein the complaint alleges the collection and retention by the defendant of money belonging to the plaintiff, and the filing of a *lis pendens* against plaintiff's property upon a claim that defendant had a contract for its purchase which he did not have, whereby plaintiff was unable to carry out a contract it had made for the sale of the same property, to its damage, the defendant is not entitled to a jury trial, under section 91-a of the General Corporation Law, since the action is not based upon negligence. As the defendant would not have been entitled to a jury trial as a matter of right before the enactment of said section, he is not now entitled to it.

MOTION by defendant for an order directing a jury trial of the issues in an action by a corporation under section 91-a of the General Corporation Law against one of its directors.

*Coombs & Wilson* [*Robert H. Wilson* of counsel], for the plaintiff.

*Hovell, McChesney & Clarkson* [*Sidney A. Clarkson* and *Joseph A. Lowe* of counsel], for the defendant.

CROPSEY, J.   Motion denied, with ten dollars costs. Defendant seeks an order directing a jury trial of the issues. The action is by a corporation against one of its directors. The complaint alleges specific acts done by defendant, namely, the collection and retention of money belonging to the plaintiff and the filing of a *lis pendens* against plaintiff's property upon a claim that defendant had a contract for its purchase which he did not have, whereby plaintiff was unable to carry out a contract it had made for the sale of the same property, to its damage.   While the word " neglect " does appear in one paragraph, it is manifest from a reading of the complaint that the cause of action is not based upon negligence.

The action is brought under section 91-a of the General Cor-

poration Law (as added by Laws of 1913, chap. 633). Prior thereto an action in negligence against a director could not be joined with one for an accounting. (*Higgins* v. *Tefft*, 4 App. Div. 62; *Mutual Life Insurance Co.* v. *Gillette*, 119 id. 430; *O'Brien* v. *Fitzgerald*, 143 N. Y. 377.) Now by virtue of the section mentioned all acts of a director may be united in one complaint. (*German American Coffee Co.* v. *Diehl, No. 2*, 86 Misc. 547; affd., 168 App. Div. 913; affd., 216 N. Y. 726.) The section, however, provides for a jury trial only of " the issue of negligence." As there is no such issue here, the section does not aid defendant's claim. Whether he is entitled to a jury trial as matter of right depends upon whether he would have been entitled to it before that section was enacted. If so, then he is still entitled to it.

There have always been two general classes of actions that might be brought by a corporation against a director, one in equity and the other at law. Actions based upon negligent acts or omissions belonged on the law side of the court and hence the defendant had the right to a jury trial. (*Dykman* v. *Keeney*, 154 N. Y. 483, 492; *Moran* v. *Vreeland*, 81 Misc. 664, 671; *Higgins* v. *Tefft*, 4 App. Div. 62.) But actions in which an accounting was sought were equitable in their nature and a jury trial of them was not a matter of right. In this latter class came actions based upon the taking or the retention of the corporation's money or property irrespective of whether the defendant or a third party thereby was enriched and actions based upon unlawful or fraudulent acts. (*People* v. *Equitable Life Assurance Society*, 124 App. Div. 714, 733; *Asphalt Construction Co.* v. *Bouker*, 150 id. 691; affd., 210 N. Y. 643.) There may be some apparent confusion in the cases arising out of the use of the word " misfeasance." The statement more or less generally made is that actions based upon non-feasance or misfeasance are on the law side, while actions for malfeasance give a right to an accounting, and hence are in equity. But the word " misfeasance " has been used in describing a claim that was properly brought in equity. (*Asphalt Construction Co.* v. *Bouker*, 150 App. Div. 691, 693; affd., 210 N. Y. 643; *Woolson Spice Co.* v. *Columbia Trust Co.*, 110 Misc. 687, 691.) It may be more accurate not to use those words but rather to state that actions are at law when they are based upon a negligent or wrongful act or omission, and in equity when they are based upon the appropriation of property or other unlawful or fraudulent act.

In *Higgins* v. *Tefft* (*supra*, 70) the court said: " If a trustee of a bank should receive the money of the bank, use it as his own, or in any way interfere with it, so that in consequence of his wrongful act it was lost to the bank, the bank would have an action in equity to

Municipal Court of New York, February, 1927.     [Vol. 129

compel him to account." And in *People* v. *Equitable Life Assurance Society* (*supra*, 733) the court said: " A corporation may have a cause of action in equity for an accounting against one or more directors for an accounting with respect to property of the corporation that has actually come into his or their hands, or for a fraudulent breach of trust with respect to the management of the corporation or its property, and for the recovery of the value of property lost and incidental damages. [Citing cases.] It may also have one or more causes of action at law against one or more directors for damages sustained by the corporation in consequence of his or their wrongful or negligent official acts falling within the terms misfeasance or non-feasance. [Citing cases.] " That case also held that a suit in equity might not be joined with an action at law against the same directors, but that decision was prior to the enactment of section 91-a.

The present case plainly belongs in the latter class, and the defendant would not have been entitled to a jury trial as matter of right before section 91-a was added, and so is not now entitled to it.

The papers do not present any sufficient reason for the court allowing such a trial in its discretion.