WILKAY CORPORATION and Others, Individually and on Behalf of Other Stockholders of THE GOLDMAN SACHS TRADING CORPORATION, Plaintiffs, *v.* THE GOLDMAN SACHS TRADING CORPORATION and Others, Defendants.

Supreme Court, New York County, December 29, 1932.

*David L. Podell* and *Nathan Burkan*, for the plaintiffs.

*Sullivan & Cromwell* [*Walter S. Pollak* of counsel], for the defendant partners.

*Selig Edelman*, for the defendant Jonas.

McCOOK, J.   The complaint is essentially an attack upon the good faith of the officers and directors of Goldman Sachs.   They are accused in general of conducting their business as a conspiracy to defraud investors .in a series of transactions characterized as calculated to deprive these of profits and to cause them losses for the aggrandizement of themselves.   The transactions are set forth in detail, and the issues sought by this motion to be framed for a jury are directed to certain of them alleged to be particularly well suited to such a disposition.   True it is that issues of due care, reasonable conduct and the like may be involved, and that such controversies, where there will be disputes of fact, are recognized as peculiarly adapted to the consideration and verdict of twelve business men.   However, not all questions of " misfeasance " will be left to a jury (*Cruikshank Building Corporation* v. *Egbert*, 129 Misc. 268; affd., 221 App. Div. 768), and where they are incidental

to other questions properly triable by a court separation through framed issues is not favored. (*Young* v. *Fernie*, 1 DeG., J. & S. 353, 355; 46 Eng. Rep. 142.) Here the gravamen of the charges against defendants is breach of trust, typical concern of a court of equity. The plaintiff asserts that not only negligence but also fraud makes a jury issue. However, bad faith, one of the chief elements of fraud, that is, the motive constantly referred to by this plaintiff in brief and argument, is seldom absent from equity trials. (*Best* v. *Nathan*, 183 App. Div. 393.) To separate or attempt to separate, by present order of this court, negligence and bad faith from other issues would mean to direct two trials before different justices. It would be impossible to consider the case in its many ramifications as a whole and might impair the efficiency of each tribunal. From this view it is unnecessary to inquire whether it would also cause delay in time. Should the justice to whom this case, undivided, falls for trial decide that a proper disposition requires the advice of a jury upon one or more of the issues mentioned in these questions or others he has at all times, and until the very close of the trial of the cause, the power to take that course. Moreover, as the evidence is received and the situation develops he can see much better than can the judge hearing this motion where the interest of justice lies. This disposition relieves me from deciding whether or not plaintiff, by selecting equity for the vindication of his rights, has waived the right to ask for a jury. I hold that the plaintiff has not been shown to have any knowledge of or responsibility for the other previous and similar litigation referred to by defendants. He is, therefore, not precluded from bringing this motion by reason of it. Nor is he barred by his delay in bringing this motion. The motion is denied.