GERTRUDE BOOKBINDER and Others, as Stockholders of The Chase National Bank of the City of New York and as Stockholders of The Chase Corporation, Suing on Their Own Behalf and on Behalf of All Other Stockholders of The Chase National Bank of the City of New York and of The Chase Corporation Similarly Situated, and Who May Desire to Join in This Action and Contribute to the Expense Thereof, Plaintiffs, and KATHERINE SMITH and Others, Intervenors, Plaintiffs, *v.* THE CHASE NATIONAL BANK OF THE CITY OF NEW YORK and Others, Defendants.

Supreme Court, New York County, November 1, 1934.

*David L. Podell* and *Hays, Podell & Shulman*, for certain plaintiffs.

*I. Gainsburg*, for certain plaintiffs.

*Clarence J. Shearn*, for certain defendants.

Many appearances for other plaintiffs and defendants.

McCOOK, J. This is a motion for an order to frame issues of negligence for trial by jury in accordance with section 429 of the Civil Practice Act. An application for similar though wider relief, addressed to the court's discretion, has already been denied on the authority of *Cantor* v. *Sachs* (154 Misc. 429).

The plaintiff now asks leave to frame issues, limited to a classification of negligence as a matter of right. Though it may occasion surprise that counsel did not in the prior application call sections 60 and 61 of the General Corporation Law to my attention, the present motion cannot fairly be called futile. The arguments here made on behalf of defendants, directed to the complexity and multiplicity of the facts to be ascertained, have no proper applica-

tion to a motion in passing upon which the court enjoys no discretion, but is relegated to the interpretation of certain statutes in endeavoring to discover the intent of the Legislature.

The word " stockholder " is not to be found in either section. The contention of the plaintiff rests upon the following language of section 61: " an action may be brought   *   *   *   by the corporation." Is this an action " by the corporation? " If so, plaintiff is entitled to the relief she seeks. If not, the decision in *Cantor* v. *Goldman Sachs* (*supra*) controls.

The court is led to the conclusion that an action by a stockholder, suing in behalf of himself and other stockholders similarly situated, is essentially an action by the corporation. I recognize that it is a derivative action, hence one in equity. However, the right to a jury trial on a genuine issue of negligence is not for that reason necessarily lost. The statute expressly provides for such jury trial as a matter of right in specific instances (in equity, of course) recited in this action. There is no reason for holding that a stockholder who sues in behalf of himself and other stockholders similarly situated is not in truth bringing an action by the corporation. She would evidently in the circumstances alleged waste time in calling further upon the corporation to sue, and the law imposes no such senseless burden upon her.

The authorities discussed in the able briefs indicate confusion on this point. Some decisions say that a stockholder's derivative action does not come within sections 60 and 61; others assert the contrary. (*People* v. *Ballard*, 134 N. Y. 269; *Nash* v. *Hall Signal Co.*, 90 Hun, 354; *People* v. *Equitable Life Assur. Soc.*, 124 App. Div. 714; *Sullivan* v. *Firemen's Mutual Benevolent Assn. of City of N. Y.*, *No. 2*, 194 id. 922.) No controlling case precisely in point has been cited. Plaintiff maintains that the history of the legislative enactment culminating in these sections demonstrates the correctness of her position. Her opponents are equally convinced that the very same history proves defendants are right.

It is my view that the old section 91-a was added for a purpose, namely, to further the consolidation of legal and equitable causes of action, remembering always that the right to try by jury charges of negligence is one long and jealously maintained in this State. When the negligence provision was adopted in 1907, the Legislature, so far as concerns the tribunal to pass on his acts, abolished all distinction between the banker careless of money and the truckman careless of life. No fundamental reason appears for allowing a jury trial on issues of negligence where one specifically authorized by sections 60 and 61 to do so brings an action essentially in equity and at the same time disallowing such relief where the

proceeding to secure it is instituted by a stockholder suing in behalf of himself, etc., on the ground the corporation has failed to act. It is not believed that the Legislature intended any such distinction.

This motion should, therefore, in my opinion, be granted. Settle order.