Charles W. Mayer and Another, Respondents, *v.* Everett F. Siller and Rhea M. Siller, Appellants, Impleaded with The Stylograph Corporation, Defendant.

Fourth Department, June 30, 1937.

*David H. Shearer*, for the appellant Everett F. Siller.

*Fred Forman*, for the appellant Rhea M. Siller.

*Earl F. Case*, for the respondents.

Per Curiam. In so far as the action may be considered as one brought under article 6 of the General Corporation Law to compel the individual defendants to account for their official conduct in the management and disposition of the funds and property of the defendant corporation which had been committed to their charge, it is a single comprehensive action in equity. (*German American Coffee Co.* v. *Diehl*, 86 Misc. 547, 551, 552; affd., on opinion of Page, J., at Special Term, 168 App. Div. 913; *Gray* v. *Fuller*, 17 id. 29, 36; *Sherwood* v. *Holbrook*, 178 id. 462, 466.) Any recovery obtained in such an action inures to the benefit of the corporation.

The plaintiff Katherine B. Mayer, as assignee of Charles W. Mayer, attempts to go further, and to base a recovery on her right to certain royalties on a patent issued to Charles W. Mayer and Everett F. Siller. Any right to or interest in such royalties does not belong to the defendant corporation, but to the patentee or his assignee, and any relief accorded the plaintiffs or either of them in relation thereto would not inure to the corporation or to the stockholders thereof. It is an entirely separate and distinct cause of action from the derivative stockholder's action.

So, too, the attempt to enjoin the defendant corporation from paying any moneys to apply on royalties until the corporation has its bills paid, and at least $2,000 in the bank, cannot be said to be a part of the derivative action. In this regard judgment is sought against the corporation, and not in its favor, or for its benefit.

The plaintiffs should be compelled to comply with the mandates of rule 90 of the Rules of Civil Practice, and to separately state and number their causes of action. In serving their amended complaint in compliance with this rule, it might be well to suggest that plaintiffs follow the rule which requires the complaint to contain a plain and concise statement of the material facts, without unnecessary repetition, upon which they rely, and not the evidence by which they hope to establish their cause of action.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.